## CONSUMERS GAS TRUST COMPANY *v.* INK.

[No. 20,336. Filed June 23, 1904.]

LANDLORD AND TENANT.—*Gas and Oil Lease.*—*Quieting Title.*—Where in a complaint by a landlord to quiet his title as against a gas and oil lease, the lessee answered that by a contract such lessee was to hold the premises six months with exclusive privilege of drilling for gas and oil and as much longer as gas and oil were found in marketable quantities, or pay $1 per acre until the completion of a well, and such landlord accepted such $1 per acre per annum for five years, and not until ten days prior to the expiration of the sixth year did such landlord notify such lessee of his intention to determine the lease, such answer is good, since forfeitures are abhorred by the law, and the notice given to the lessee was unfair. *Consumers Gas Trust Co.* v. *Littler,* 162 Ind. 320, followed.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Sarah F. Ink against the Consumers Gas Trust Company to quiet title. Judgment for plaintiff. Defendant appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Reversed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

HADLEY, J.—Suit by appellee to quiet her title. Appellant answers that by a written contract, exhibited with the answer, appellee on June 3, 1897, granted the company the land in controversy, for the purpose and with the exclusive right of drilling and operating for gas or oil; that the appellant was to hold the premises for six months, and as much longer as gas or oil was found in marketable quantities, or $1 per acre per annum in advance was kept paid until the completion of a well upon the land. Appellant never took possession, and never drilled or attempted to drill a well. Appellee accepted from appellant $80 on the day the contract was executed as payment for rent, or delay, for one year ending June 3, 1898, and on the latter date, and at the end of each subsequent year to and including 1901, accepted from appellant a like sum for a like purpose. About May 20, 1902, appellant tendered appellee $80 as a like payment for the year beginning June 3, 1902, and ending June 3, 1903. Appellee refused to accept the money, and declared the contract forfeited, and on June 12, 1902, instituted this suit to quiet her title against it. A demurrer was sustained to the answer, and, appellant refusing to plead further, judgment was rendered annulling said contract, and quieting appellee's title as against the same. Appellee has filed no brief.

The issues and facts are in all material respects the same as those involved in *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320, except that in this case appellee within the paid period announced her claim and demand of forfeiture for nonperformance of the contract by appel-

lant. It is not apparent how appellee enlarged her rights by this proceeding.

Forfeitures for delay in the performance of contracts relating to the use and alienation of property are sometimes essential to the maintenance of private right. Especially is this true in dealing with contracts providing for the exploration and development of gas and oil territory where many reasons operate to induce procrastination on the part of the operator, and where the contract is of no value to the landowner until his land is developed. But equity looks with disfavor upon forfeitures, and will not open its door to one who has induced or assented to the condition of which he complains. Here appellee had a contract which entitled her to require appellant to proceed within six months to complete a well on her land, and thereby determine whether gas or oil was to be found in paying quantity. She could enforce its terms, or not, as she pleased. She had the same power to contract for an extension of the time for the construction of a well as she had for fixing it originally. If she preferred the certainty of $1 per acre per annum rather than take the chance of the company's finding gas or oil under her land, she might continue the extension so long as the company would pay the price, even to an abandonment of the original purpose to explore. As it was, she accepted what was to her a satisfactory consideration for a postponement for five successive years, and not until within ten days of the expiration of the paid period, and then not until the money for another year's delay was tendered her, did she give the company any notice or warning of her intention to deny a further extension. This was not the course of conduct required of a demandant for a forfeiture. To entitle her to this arbitrary remedy she should show that her conduct towards the subject of the contract was such as was not calculated to mislead and encourage the company in the reasonable belief that her intention was to agree to a further postponement.

A court of equity will not decree a forfeiture in her favor after she had gone on for five years accepting the company's money for delay by mutual agreement, and continues her silence and acquiescence until May 20, when she declared the forfeiture.

It is very clear that appellee was not entitled to a forfeiture before the agreed term of postponement had expired, and a demand of forfeiture at a time when she was not entitled to it was without legal significance. It could not operate as a notice to start the drill, for the claim of forfeiture was equivalent to a denial of appellant's right thereafter to enter the premises for that purpose. Its only effect was to create a state of uncertainty as to appellant's right to proceed under the contract. And appellee, having produced this uncertainty by her own conduct, will be denied a forfeiture for the delay which she probably induced. It would be inequitable for appellee to retain the $400 appellant has paid her for delay, and obtain a forfeiture of its right, without first giving it a fair chance to carry out its contract. Under the facts alleged in the answer it appears that such an opportunity had not been extended before the commencement of this action, and the demurrer to the answer should have been overruled.

The other questions in this case are the same as those in the case of *Consumers Gas Trust Co.* v. *Littler, supra,* and are ruled by the decision therein announced.

The judgment is therefore reversed, with instructions to overrule the demurrer to the answer.