## INDIANA NATURAL GAS & OIL COMPANY v. LEER.

[No. 4,874. Filed November 17, 1904.]

1. LANDLORD AND TENANT.—*Gas and Oil Lease.—Quiet Title.—Complaint.—Sufficiency.*—Where the landlord sued his tenant to quiet his title to real estate as against such tenant's gas and oil lease, which provided that such tenant should drill a well within twelve months from the date of such lease, or thereafter pay $20 per year until said well is drilled, and upon failure such lease to be void, such landlord to have gas from the wells free, and such tenant to furnish the landlord gas by the first of November, 1889, in lieu of rentals, and the complaint alleged that no well had been drilled nor payment of rentals made; that such landlord had received nothing in consideration of such lease; that the real consideration was the sinking of wells on such premises; that the immediate territory was being operated and the gas and oil being taken from such landlord's premises; that such landlord had notified tenant to develop such lands; that such tenant had failed and refused so to do and still refused, such complaint was sufficient on demurrer. p. 64.

2. ACKNOWLEDGMENT.—*Signature of Notary.*—Where the body of a notary's certificate contains his name describing him as a · notary public it is immaterial whether he appends "notary public" to his name at the end of such certificate. p. 64.

3. LANDLORD AND TENANT.—*Gas and Oil Lease.—Quiet Title.—Answer.—Sufficiency.*—Where the landlord sued his tenant to quiet title as against tenant's gas and oil lease, for failure to develop such lands

and pay the rentals, such tenant answered that he had always furnished such landlord gas in lieu of the rentals provided, which had been accepted by such landlord in lieu of all rentals; and that no other claim had been made by such landlord until the bringing of this action, such answer is sufficient. p. 65.

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by Charles Leer against the Indiana Natural Gas & Oil Company. From a decree for plaintiff, defendant appeals. *Reversed.*

*W. O. Johnson, Frank Ellis, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellant.

*C. T. Parker,* for appellee.

ROBINSON, J.—Suit to quiet title. The first paragraph of complaint is the ordinary action to quiet title. The second paragraph avers that appellee owns in fee the northeast quarter of the northwest quarter of section thirty-six, deriving his title September 21, 1895, by deed from the heirs of Isaac Rybolt, deceased; that on April 3, 1889, Isaac Rybolt signed and acknowledged a written instrument by which, in consideration of $10 and the covenants therein contained, he "hereby grants to Smith and Ziegler, heirs or assigns, all the gas and oil in and under" the north half of the northwest quarter of section thirty-six; grantees to have the exclusive right to enter on the land and drill for oil or gas, erect buildings, machinery, and the like, grantors to use the land for farming purposes; the grantees agreed "to drill a well upon said premises within twelve months from this date, or thereafter pay to the first party a yearly rental of $20 until said well is drilled;" upon failure to pay the rental when due, the instrument should be null and void, and neither party should be held to any accrued liability; grantor to have one-eighth of the oil produced, $25 for the first and $200 for each subsequent gas-well so long as gas was transported off of the premises; grantor to have, "free of expense, gas from the well or wells,

to use at his own risk to light and heat the dwellings on the premises;" the grantees "may at any time reconvey this grant, and thereupon this instrument shall be null and void." "It is understood that second party will furnish first party gas in lieu of rental by the 1st of November, 1889, or this lease shall be null and void." The complaint avers that the instrument was afterwards assigned to appellant; that no well has been drilled or any payment made thereon, and that appellee has received nothing in consideration for appellant's holding the grant; that the consideration therefor was the development and exploration for gas and oil, to the end that both grantor and grantee should share its profits; that the immediate adjoining territory is being operated, and gas-wells have been put down and are being put down on all sides of appellee's land, and are and will take all the oil and gas from beneath appellee's land; that appellant is holding the same for speculative purposes; that heretofore, and for a long time prior to the bringing of this suit, appellee notified appellant to develop the land, and that if the same was not developed at once he demanded a surrender and reconveyance and release of record; that appellant failed and refused to drill and operate thereon after such notice, and still refuses to do so. The demurrer to the second paragraph of complaint was overruled.

Appellant's amended answer alleges that on April 3, 1889, Isaac Rybolt owned in fee the land described in the complaint, together with forty acres adjoining; that both tracts composed one body of land, and was held by and owned by Rybolt as one farm; that on the above date Rybolt executed the written instrument; that the grantees assigned the same to appellant; that in June, 1891, the real estate was divided, and the northwest quarter of the northwest quarter of section thirty-six became the property of John Rybolt, and he was at the beginning of this action owner of the same; that the only dwelling-house or houses

on any part of the eighty acres on April 3, 1889, or at any time since, was and is on the forty acres owned by John Rybolt; that no dwelling-house has been upon that part of the land described in the complaint; that it was mutually understood and agreed by the parties to the instrument that the grantees and their successors should furnish gas free for the dwellings on the premises at the time of the making of the conveyance, in lieu of all rentals mentioned therein; that at all times since the parties have so considered it, and appellant and its predecessors have at all times furnished gas free to the dwelling-house, and the same has been accepted by Isaac Rybolt and his successor John Rybolt, in lieu of all rentals; that at and prior to the time appellee purchased the real estate he had notice of the conveyance of April 3, 1889, and notice of such practical construction placed thereon by appellant and his grantors and Isaac and John Rybolt, and of the furnishing of gas free; that no other claim has ever been made under the conveyance until the bringing of this action; that the grantees paid Isaac Rybolt $10, provided to be paid in the contract, which was accepted by him in consideration thereof; that the grant has never been reconveyed by appellant or its predecessors, or that any rights granted therein have ever been abandoned; that appellant disclaims all interest in the land except as alleged in the answer. The demurrer to this answer was sustained.

Overruling the demurrer to the second paragraph of complaint and sustaining the demurrer to the answer are assigned as errors.

1.    Following the reasoning in the case of *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320, we think the complaint must be held sufficient.

2.    The fact that the notary public before whom the instrument was acknowledged did not attach the words "notary public" to his signature is immaterial, as the body

of the acknowledgment sets out his name and states that he is a notary public.

3. The grantees agreed to drill a well within twelve months from April 3, 1889, or thereafter pay a yearly rental of $20 until the well was drilled; that is, the grantees had the twelve months within which to drill a well, and if, at the end of that time, no well had been drilled, they were thereafter to pay the yearly rental. The grantees further agreed to furnish the grantor gas to light and heat the dwellings on the premises, with pipe to conduct the same, all free of expense; but this free gas was to be from "the well or wells in use." This evidently means this gas was to come from a well or wells on the premises. This free gas might or might not be furnished before the closing part of the first year. The grantees, under the agreement, could complete the first well any time before the expiration of the twelve months, and not until the well on the premises was completed was the grantor to have free gas under the above clause. Another clause was added that "it is understood that second party will furnish first party gas, in lieu of rental, by the 1st of November, 1889, or this lease shall be null and void." As the other parts of the instrument did not bind the grantees to pay any rental or furnish any free gas during the first year, this provision might have been intended to cover that year. But as the other provisions only conditionally bound the grantees to furnish free gas, and as the furnishing of free gas was manifestly one of the inducements that led to the making of the contract, the clause could be construed as the answer alleges the parties did construe it. In order to get gas at an earlier date, and not depend upon the uncertainty of finding gas on the premises, free gas was to be furnished by November 18, in lieu of rental. The answer alleges that free gas has at all times been furnished for the only dwelling on the premises, and has been accepted in lieu of rentals, and that appellee

purchased the land in question with full notice and knowledge of the conveyance and of the construction that had been given the contract, and that no other claim has ever been made under the conveyance until the bringing of this action. The complaint was filed February 5, 1902. It can not be said that appellee was an innocent purchaser. The answer shows that appellee is attempting to terminate the lease at a time when appellant is doing what it agreed to do. We do not mean to say that the lease or grant may be continued indefinitely without an effort to develop the territory for oil or gas. See *Consumers Gas Trust Co. v. Littler, supra; Consumers Gas Trust Co. v. Crystal Window Glass Co.* (1904), 163 Ind. 190; *Consumers Gas Trust Co. v. Ink* (1904), 163 Ind. 174; *Consumers Gas Trust Co. v. Worth* (1904), 163 Ind. 141; *Consumers Gas Trust Co. v. Howard* (1904), 163 Ind. 170. It can not be said that the lease was at an end from the death of Isaac Rybolt, even though possession had not been taken. If the lessees had not obligated themselves to perform any covenant, the case might be different; but they agreed to drill a well within a certain time, or thereafter pay a yearly rental.

The demurrer to the answer should have been overruled. Judgment reversed.