INDIANA NATURAL GAS & OIL COMPANY *v.* LEE.

[No. 4,937.  Filed November 29, 1904.]

1. LANDLORD AND TENANT.—*Complaint for Rent by Assignee of Landlord.—Sufficiency.*—Where, in an action by a landlord against his tenant for rent from January 6, to July 25, 1900, the complaint alleged, that such rent was paid by the tenant to such landlord's grantor to July 25, 1899; that by the terms of the lease the tenant should pay $56 a year until a well was drilled, such rent to be deposited in a bank; and that rent was paid to July 25, 1899, since which time no rent has been paid, is sufficient; since it does not show that such rent was to be paid in advance or at the end of the year, and since the averment that no payments have been made since July

25, 1899, must be held to mean no payments to plaintiff, and as it does not appear that defendant had notice that plaintiff had purchased the land, there could be no default in not paying such rent to such plaintiff, for it might rightfully have been paid to some one else. p. 123.

2. QUIETING TITLE.—*Gas and Oil Lease.—Complaint.—Sufficiency.*— Where, in an action by a landlord against his tenant to quiet title, the complaint averred the execution of the lease and that such tenant was claiming some rights and privileges under such lease, which were adverse and a cloud upon plaintiff's title; that such tenant failed to pay rent and furnish gas as provided in such lease, and where the provisions of the lease were not set out except by way of recital, it must be held that such complaint was insufficient, since the presumption obtained as against the pleader that such lease was still valid and in force, such complaint failing to show that there were not good reasons for defendant's claims. p. 123.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by James W. Lee against the Indiana Natural Gas & Oil Company. From a decree for plaintiff, defendant appeals. *Reversed.*

*W. O. Johnson, Davis & Davis, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellant.

*A. R. Long,* for appellee.

ROBINSON, P. J.—Suit upon a gas lease to recover rentals, damages for failure to furnish gas for domestic purposes, and to cancel the lease and quiet title.

The first paragraph of amended complaint avers that on July 25, 1889, Joseph McGrew, being the owner of certain described land, leased to a firm named the privilege of drilling for gas and oil; that soon afterwards the firm assigned its rights as lessee to appellant; that on January 6, 1900, appellee purchased the land from one Hinton, who was the grantee of McGrew, together with his rights under the lease; that appellant for some time did furnish gas under the terms of the lease. Failure to perform the agreement to furnish gas according to the terms of the lease since appellee purchased the land is averred, and that the gas to have been furnished for fuel and lights under the

lease was of the value of $100, for which sum judgment is asked. A copy of the lease is filed as an exhibit, and contains, among other provisions, the following: (1) The lessees agree to drill a well upon the premises within twelve months from date of the lease, or thereafter pay the lessor "a yearly rental of $56 until said well is drilled; such rental when due shall be deposited in Fairmount Bank, at Fairmount, State of Indiana. Should second party fail to make such deposit or pay to first party on these premises, or at present residence of first party the said rental when due as aforesaid, then this instrument shall be null and void." (2) If oil should be found lessor was to receive one-eighth part thereof. (3) If gas should be found lessor was to receive $200 yearly for each well. "(4) First party shall have, free of expense, gas from the well or wells to use, at his own risk, to light and heat the dwelling now on said premises, with pipe to conduct the same to said dwelling free of cost." "(9) Second party agrees to furnish gas to first party for use at his premises on or before the 15th day of November." This paragraph avers sufficient facts from which the measure of damages may be determined. It is averred that appellee had received no gas under the lease, and had been compelled to procure fuel and lights from other sources, and that the gas for fuel and lights which should have been furnished under the lease was of the value of $100. See *Indiana Nat. Gas, etc., Co. v. Hinton* (1902), 159 Ind. 398.

The second paragraph of complaint avers the ownership of the land, the execution of the lease, its assignment to appellant, and the purchase of the land by appellee in the first paragraph; that the rents under the lease were paid to appellee's grantor to July 25, 1899, since which time no payments have been made thereon; that there is due and unpaid to appellee, under the terms of the lease, accrued rents from January 6, 1900, to July 25, 1900, in the sum of $20. A copy of the lease is made an exhibit.

The third paragraph avers the ownership of the land, execution and transfer of the lease, makes a copy an exhibit, sets out some of the provisions of the lease, and avers that no gas has ever been furnished to appellee as provided in the lease, no rents have been paid to him, and because thereof, by the terms of the lease, the same has become null and void; that appellant refused to cancel and deliver up the lease to appellee, though it had been requested, and the same had been demanded by a written notice, a copy of which notice is made an exhibit. Cancelation of the lease is demanded, and the appointment of a commissioner to cancel the same. The written notice filed with this paragraph as an exhibit is dated August 24, 1900, and demands a surrender and release of record of the lease, describing the same.

The fourth paragraph avers appellee's ownership and possession of the land; the execution of the lease, a copy of which is made an exhibit; the transfer of the lease; that appellant has failed and refused to furnish to him natural gas for fuel and lights as therein provided, and has failed and refused to pay appellee the rents therein stipulated, appellant knowing that appellee had purchased the land from a grantee of McGrew, January 6, 1900, together with all rights held by him under the lease; that appellant refuses to cancel the lease, "but claims to have and hold some rights and privileges therein and thereunder" which are adverse to appellee's rights and a cloud upon his title, and demands that his title be quieted. The original complaint was filed December 17, 1900.

Separate demurrers to each paragraph of complaint were overruled. Appellant answered in two paragraphs, to the second of which appellee replied in denial. Over appellant's motion for a new trial, judgment was rendered quieting title in appellee to the land involved, and that appellee recover of appellant damages in the sum of $30 and costs. A motion to modify the judgment by striking therefrom

the amount "found due for gas rentals or for gas" was overruled.

1. The second paragraph of complaint seeks to recover rent from the time appellee became the owner of the land, January 6, 1900, to the end of the rental year, July 25, 1900. The paragraph avers that the rent was paid to appellee's grantor up to July 25, 1899. The lease provides that "a yearly rental of $56 until" a well is drilled shall be paid by the lessee; "such rental, when due, shall be deposited in Fairmount Bank, at Fairmount, State of Indiana." Whether this rental is to be paid or deposited in the bank in advance is not stated in the lease. But it is averred that the rent was paid up to July 25, 1899, "since which time no payments have been made thereon." The lease does not provide that the rental shall be paid to the lessor or deposited in the bank, but that such rental when due shall be deposited in the bank. A deposit in that bank by the lessor of a year's rent would be a payment under the lease. So it seems that the averment that the rent under the lease was not paid includes that it was not deposited in the bank. But it is not averred in this paragraph that appellee's deed, when he purchased the land, was placed on record, or that appellant had any notice of appellee's ownership of the land after January 6, 1900. The averment that since July 25, 1899, no rental payments have been made must be held to mean that no payments have been made to appellee. We do not think the averment amounts to negativing the fact that the rent may have been paid to someone else. Until appellant knew, or facts are stated showing it must have known, that appellee owned the land, he being the grantee of the lessor, it would not be in default for not paying the rent to him.

2. The fourth paragraph of complaint seeks to quiet title against the lease. A copy of the lease is made an exhibit, but, as the lease itself is not the basis of the suit, we can not look to the exhibit to aid the averments of the

complaint. The paragraph avers the execution of the lease and its assignment to appellant, and that appellant is claiming to have some rights and privileges under the lease which are adverse to appellee's rights and a cloud on his title. It is further averred that appellant has failed to pay the rent and furnish appellee gas for fuel and lights as provided for in the lease. No such provisions are set out in the pleading that rents were to be paid and gas furnished, nor is it stated, except by way of recital, that the lease contains such provisions. We must presume as against the pleader that the lease is still valid, and that rights under it are still in force, and we are not informed by the pleading but that there are good reasons for appellant's claim that it had some rights in the lease.

For the reasons given, we think the second and fourth paragraphs are insufficient, and that the separate demurrers to each of these paragraphs should have been sustained.

Judgment reversed.