# Indiana Natural Gas and Oil Company *v.* Ganiard, Administrator.

[No. 6,754. Filed March 29, 1910.]

1. Covenants.—*Running with Land.—Gas and Oil Contracts.— Rentals.*—Covenants in a gas and oil contract requiring the payment of certain rent and the furnishing of gas for use in the owner's houses, run with the land. p. 617.

2. Covenants.—*Gas and Oil Contracts.—Rentals.—Gas.*—Agreements in a gas and oil contract to pay to the owner certain rentals until the sinking of a well, and to furnish gas free for his houses, are separate and unconditional, and where no time is fixed within which a well should be completed, such rentals are payable indefinitely until a well is completed. p. 617.

3. Covenants.—*Gas and Oil Contracts.—Furnishing Gas.—Failure. —Justification by Owner's Act.*—Where a gas and oil contract required the payment of certain rentals and the furnishing of free gas to the landowner, and upon demand the contractor refused to furnish such gas, the contractor is not justified in his refusal to pay the price of such gas by reason of the fact that the landowner brought suit to forfeit such contract by reason of such refusal. p. 617.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Sidney K. Ganiard, as administrator of the estate of James W. Lee, deceased, against the Indiana Natural Gas and Oil Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. O. Johnson* and *Blacklidge, Shirley & Wolf,* for appellant.

*Sidney K. Ganiard, A. R. Long* and *Jesse R. Coleman,* for appellee.

Myers, C. J.—On March 13, 1905, appellee's decedent brought this action against appellant, to recover damages for the alleged breach of a covenant in a contract to furnish gas free for use in the dwellings on certain land. From the complaint it appears that continuously since January 6, 1900, appellee's decedent was the owner of a certain described 112-

acre tract of land in Madison county, and during all of that time appellant held and owned what we shall call a gas contract on said land, by the terms of which all the oil and gas in and under said land was granted to appellant, together with other privileges, unnecessary here to set forth.

The vendee had twelve months from July 25, 1889, to drill a well, "or thereafter pay a yearly rental of $56" until a well was drilled. Should oil be found the vendor was to have a certain portion of it, and in case gas was found he was to have $200 yearly for each well from which gas was transported off the premises. The fourth and ninth clauses of the contract are as follows:

"(4) First party shall have, free of expense, gas from the well or wells, to use at his own risk, to light and heat the dwellings now on the premises, with pipe to conduct the same to said dwellings free of cost. * * * (9) Second parties agree to furnish gas to first party for use at his premises on or before November 15."

No well was ever drilled on said land. The yearly rental of $56 was fully paid. Appellant refused to furnish appellee's decedent with gas for use in the dwelling, under the terms of the fourth and ninth clauses of the contract, and for this failure and refusal damages are demanded. Appellant answered in three paragraphs: (1) A general denial; (2) payment; (3) that by the provisions of clauses four and nine of the contract appellant was not bound to furnish appellee's decedent gas, except from wells drilled upon the premises; that no wells were drilled; that appellant was prevented by appellee's decedent from putting down a well, by denying its right to enter upon said land under the contract, and on December 17, 1900, brought a suit in the Madison Circuit Court against this appellant for the cancelation of said contract, asking that said contract be declared null and void and that his title be quieted as against it. On change of venue that suit was tried in the Grant

Circuit Court, and a decree entered quieting the title to said real estate against said contract, and declaring said contract null and void. From that decree an appeal was taken to this court. The decree was reversed, and the cause remanded to the Grant Circuit Court, where it remained on the docket until May 12, 1905, when it was dismissed. The reply was a general denial. The issues thus formed were tried by the court, and on September 18, 1907, a finding and judgment was rendered in favor of appellee for $287.50. The record discloses that after the conclusion of the evidence, and before the judgment here appealed from was pronounced, plaintiff, James W. Lee, died, and this appellee was substituted as plaintiff.

Several errors are here assigned, but appellant states its contention as follows: "The sole question presented to the court in this case for argument is, Can a party, as appellee did in this case, wholly repudiate a contract which required a certain service to be performed, and keep up that repudiation, by obtaining judgment of court in his favor, for a number of years, and then collect damages because the service was not rendered?"

From the undisputed evidence in the record it appears that James W. Lee became the owner of the land in question on January 6, 1900. He resided upon said land and occupied it as a home with his family during all the time from the date of purchase up to the time of the trial. At the time he purchased the land it was subject to the contract in suit. No gas well had ever been drilled upon the land described in the contract. The "yearly rental of $56" had been paid by appellant. On March 6, 1900, Lee, by his attorney, made a demand upon appellant to furnish him with gas, as provided in clause nine of said contract, and in case it failed to do so, or to make satisfactory arrangements in regard thereto, he would consider the contract forfeited. On August 24, 1900, he requested appellant to surrender and release of record

said contract, specifically describing it, and referring to
the book and page of the records of Madison county, In-
diana, where it had been recorded. On December 17, 1900,
he commenced a suit to recover the value of the gas which
appellant had neglected and refused to furnish him un-
der clause nine of said contract, to have said contract de-
clared null and void, and to quiet his title in said land
against said contract. A trial of that case was had in the
Grant Circuit Court, resulting in a decree in favor of said
Lee for all of the relief demanded in his said complaint.
That decree was afterward reversed by this court. The gas
for fuel and lighting for said dwelling-house on said land
was worth $50 a year. No gas had been furnished and noth-
ing whatever paid on account of the failure to furnish gas.
Lee refused to receive the acreage rentals until February 28,
1905, which was after the decree in the Grant Circuit Court
had been reversed by this court and the cause returned for
further proceedings. From December 17, 1900, until said
suit in the Grant Circuit Court was dismissed, he denied all
rights of appellant under the contract in suit.

The complaint, and other proceedings had in the case com-
menced December 17, 1900, were admitted in evidence, and
by reference thereto we find that one paragraph of that com-
plaint counted upon appellant's failure to furnish gas for
fuel and lights from January 6, 1900, to the beginning of
that suit. This court held that complaint sufficient to with-
stand a demurrer for want of facts. The decree in that case
was reversed because of the insufficiency of the second and
fourth paragraphs of complaint. *Indiana Nat. Gas, etc.,
Co.* v. *Lee* (1904), 34 Ind. App. 119. Appellant has at all
times insisted and still insists that the contract in question is
valid and in full force and effect, but denies any liability
under clauses four and nine, for the reasons before stated.

This identical form of lease was before the Supreme Court
in *Indiana Nat. Gas, etc., Co.* v. *Hinton* (1902), 159 Ind.

398, and it was there held that the "agreements of the
1. lessees to pay the rent, and to furnish the lessor with
gas to heat and light the dwellings on the premises
demised, were covenants running with the land, and appellant, as the assignee of the lease, was bound to perform them.
Its tenancy under the lease was acknowledged by its payment of the yearly rent of $56 agreeably to the terms of
that instrument, and, as assignee and tenant, it was charged
with the performance of these conditions."

The covenant to furnish gas on or before November 15 to
light and heat the dwellings, was unconditional, and was not
dependent upon appellant's agreement to drill a well.

2. *Indiana Nat. Gas, etc., Co.* v. *Hinton, supra.* For by
the payment and acceptance of the "yearly rental of
$56" the drilling of wells might be postponed indefinitely.
*Consumers Gas Trust Co.* v. *Worth* (1904), 163 Ind. 141.
No time limit is fixed by the contract in suit within which a
well must be drilled. In *New American Oil, etc., Co.* v.
*Troyer* (1906), 166 Ind. 402, it is said: "There being no
definite time limit within which the well must be constructed,
the law intervenes, and directs that it shall be accomplished
within a reasonable time. This means within a reasonable
time at the option of the landowner." And what is a reasonable time in such cases is usually a question of fact.
*American, etc., Glass Co.* v. *Indiana, etc., Oil Co.* (1906), 37
Ind. App. 439. Again, in the case of *Indiana Nat. Gas, etc.,
Co.* v. *Hinton, supra,* it was said: "We think the covenant
to furnish gas to heat and light the dwellings on the land
was an independent agreement, and that the lessees, or their
assignee, were liable for its breach."

That there was a breach by appellant of the covenant to
furnish gas, and for which settlement has not been made, is
undenied, but appellant seeks to avoid liability for
3. such breach by invoking the doctrine applied to relieve the operator under such contracts from expend-

ing money in drilling wells and exploring land for oil and gas, pending settlement, in cases where the landowner has declared a forfeiture of the contract. *Consumers Gas Trust Co.* v. *Worth, supra; LaFayette Gas Co.* v. *Kelsay* (1905), 164 Ind. 563; *Consumers Gas Trust Co.* v. *Ink* (1904), 163 Ind. 174. But, as a rule, questions of forfeiture of gas contracts, especially where no time limit is fixed within which a well must be constructed, are made to depend upon notice by the landowner to the operator to proceed to sink wells and an unreasonable delay on the part of the operator after notice.

No question is here made that the landowner in this case had waived the provision in the contract to furnish gas; but, on the contrary, it appears that for eleven months prior to December 17, 1900, he was demanding from appellant gas for fuel, as stipulated in the contract. It is clear, as disclosed by the record in this case, that the suit commenced December 17 was prompted and incited by appellant's failure and refusal to perform a positive agreement. A party should not be permitted to take advantage of his own default to defeat a liability created solely by such default, and such would be the effect of the rule which appellant insists that this court should declare. Appellant's reasons in support of this appeal are not well grounded.

Judgment affirmed.