## INDIANA NATURAL GAS AND OIL COMPANY v. HARPER ET AL.

[No. 7,653. Filed June 4, 1912.]

1. COVENANTS.—*Covenants Running With the Land.—Gas Lease.*— A covenant in a gas lease whereby the lessee is to furnish lessor with gas to light and heat the dwellings on the premises within sixty days from date of the lease, or in lieu thereof the sum of twenty dollars yearly in advance, is a covenant running with the land for a breach of which the grantee of the lessor has a right of action. p. 557.

2. MINES AND MINERALS.—*Gas Leases.—Construction.*—Where a gas lease provides unconditionally that within sixty days from date, the lessor shall have gas from the wells free of expense, for heating and lighting his premises, or in lieu thereof the sum of $20 yearly, and also provides for the indefinite postponement of the digging of a well on payment of a rental of $28 per year, the liability of the lessee for the payment of rent in lieu of furnishing gas is not dependent on the drilling of a well. p. 558.

3. MINES AND MINERALS.—*Gas Lease.—Covenants.—Retention of Lease.—Effect.*—Where a gas lease provides that the lessee may

at any time reconvey the grant and thereby terminate the lease, the mere retention of the instrument itself is a sufficient claim of privileges thereunder to keep in operation the covenants therein contained.   p. 558.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Action by Hannah E. Harper and another against the Indiana Natural Gas and Oil Company and another.   From a judgment for plaintiffs, the defendant Indiana Natural Gas and Oil Company appeals.   *Affirmed.*

*W. O. Johnson, Blacklidge, Wolf & Barnes,* for appellant.
*A. R. Long* and *L. F. Sprague,* for appellees.

IBACH, J.—The amended complaint avers that plaintiff Hannah E. Harper, the owner of certain lands in Grant county, Indiana, on May 18, 1897, entered into a lease contract, set out in the complaint, with one J. P. Forrest, granting to him the oil and gas rights in these lands.   This lease contract was sold by Forrest to the Indiana Natural Gas and Oil Company, for a valuable consideration.   Hannah E. Harper sold and conveyed by warranty deed, for a valuable consideration, to plaintiff Mack E. Lewis twenty acres of the lands described in said contract, and he is now the owner in fee simple of such tract so conveyed, and ever since the execution of said contract he and Hannah E. Harper have been and now are the owners in fee simple of the lands described in said lease contract.   The fourth provision of the lease contract is as follows: ''First party shall have, free of expense, gas from the well or wells to use, at his own risk, to light and heat the dwellings now on the premises, with pipe to conduct the same to said dwellings free of cost, within sixty days from this date, or in lieu thereof the sum of twenty dollars yearly in advance.''   Ever since assignment by defendant Forrest to defendant company, said assignee has had control of and held said lease, and for some years paid the rental and fuel money thereon. Said defendant company still continues to hold said lease,

but has failed, neglected and refused to furnish gas for fuel in the buildings now on said land, and which were on the land at the time of the execution of said lease, and has failed, neglected and refused to pay the $20 in lieu of said gas, which became due on the first days of May in the years from 1901 to 1908, inclusive. Defendant, Indiana Natural Gas and Oil Company, has drilled one well on said land, on which it has long since ceased payment; no other wells have been drilled by defendant, or by any other person. Judgment for $198.40 is prayed.

Appellees recovered judgment for $54 and costs. It is assigned as error that the amended complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling appellant's demurrer to the plaintiffs' second amended complaint.

It is first urged that the complaint does not state any facts whatever which show a right of action in the plaintiff Lewis, under the clause of the lease sued on.

This identical form of lease has been considered in the case of *Indiana Nat. Gas, etc., Co.* v. *Hinton* (1902), 159 Ind. 398, 64 N. E. 224, and *Indiana, etc., Oil Co.* v.

1. *Ganiard* (1910), 45 Ind. App. 613, 91 N. E. 362, and it was there held that the agreement of the lessee to furnish the lessor with gas to heat and light the dwellings on the premises demised was a covenant running with the land, and the assignee of the lessee was bound to perform it. In the case of *Indiana Nat. Gas, etc., Co.* v. *Leer* (1904), 34 Ind. App. 61, 72 N. E. 283, and *Indiana Nat. Gas, etc., Co.* v. *Lee* (1904), 34 Ind. App. 119, 72 N. E. 492, it was held that the assignee of the grantor was bound by the covenants. Since these were covenants running with the land, and since it is averred that plaintiff Lewis was an owner in fee simple of part of the land, the complaint sufficiently states a cause of action in him.

It is next urged, that since the complaint shows that appellant drilled a well on the land and long since ceased

payment, and has drilled no other wells, there are no facts showing that appellant has ever claimed any rights or privileges whatever under this lease since the failure of gas in the well drilled, and that where a well is drilled and fails, the right to have fuel gas from the wells on the premises fails with it.

The fourth provision of the lease is unconditional—that the lessor shall have gas from the wells within sixty days from date, or in lieu the sum of $20 yearly. It was 2. not necessary to drill a well in order to create this liability, for by another clause of the contract, defendant might have postponed indefinitely the digging of a well by paying a yearly rental of $28 per year, and it has been held by the courts that the liability for rent in lieu of fuel is not dependent on the drilling of a well. *Indiana Nat. Gas, etc., Co.* v. *Hinton, supra.*

The seventh provision of the lease is as follows: "The second party may at any time reconvey this grant, and thereupon this instrument shall be null and void." 3. Merely by retaining the lease instrument itself, appellant has claimed sufficient privileges to keep in operation the covenants therein contained. If it wanted to avoid liability on its covenants, it had an easy remedy by reconveyance. Having elected rather to retain the lease, it must make good its agreements. It appears in the complaint that appellant has had control of and holds the lease, and it appears that it has not reconveyed the grant.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 743. See, also, under (1) 11 Cyc. 1080; (2) 27 Cyc. 722, 741. As to covenants creating charges and whether they run with the land, see 82 Am. St. 684.