## Warfield Natural Gas Co. v. Small.

March 15, 1940.

J. F. Bailey, Judge.

Kirk & Wells and Harold A. Ritz for appellant.

W. R. McCoy for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

This action was filed by appellee, Maudie Small, against appellant, Warfield Natural Gas Company, to enjoin it from discontinuing or interfering with her use of free gas from a well located on a tract of land the surface of which was owned by her deceased husband and occupied by her as a homestead. Appellant had notified appellee that it intended to discontinue her use of free gas, this course being adopted pursuant to appellant's view that appellee had no right to free gas. The trial court adjudged that appellee was entitled to free gas and permanently enjoined appellant from discontinuing or interfering with her use thereof. This appeal follows.

On September 23, 1898, one Webb was the owner of a tract of land and on that date executed an oil and gas lease thereon to the Triple State Natural Gas and Oil Company. That lease contained the following free gas clause: "It is agreed that the party of the first part shall have gas sufficient for domestic use on the premises by laying his own line."

A well was completed on the premises by the original lessee in April, 1904. Appellant by mesne assignments became the owner of the lease and appellee's husband became the owner of the surface of the land by mesne conveyances. In a deed dated December 9, 1918, conveying the surface of the land to appellee's prior vendors the following reservation was made:

"There is reserved of the lands herein conveyed to

parties of the first part all rights covered in lease to United Fuel Gas Company or other companies for lease for gas and all minerals, oil and gas within said land with mining right and right to remove, *any of the surface herein* the coal and minerals in said land and the use of all timbers necessary in removing and mining same thereon under twelve inches in diameter.''

By this reservation the oil, gas and mineral rights were severed from the surface of the land and by inheritance and purchase one Bee Patton Ross became the owner thereof so that at the time appellant gave notice to appellee that it would discontinue her use of free gas appellee was the owner of the surface of the land, appellant the holder of the oil and gas lease and Bee Patton Ross the owner of the oil, gas and mineral rights.

On September 3, 1924, appellee and her husband, owners of the surface right, executed a joint application to the United Fuel Gas Company, the then owner of the well, for free gas and were granted this privilege and free gas has been used in the house on the premises from that date. Shortly thereafter appellant became the owner of the lease and well and, probably as a result of some controversy between it and Bee Patton Ross, then owner of the oil, gas and mineral rights, a new lease was executed by her to appellant which contained no free gas clause.

Appellant contends that appellee had no right to the use of free gas because the free gas right, as reserved in the original lease is a part of and belongs entirely to the mineral rights, which were not owned by appellee; that the fact that they owned the surface of the land did not entitle them to the free gas privilege mentioned in the original lease. We see no merit in this contention because the free gas clause in the original lease is a covenant running with and attached to the *surface* of the land. That covenant was for gas sufficient for domestic use *on the premises* and certainly could not be taken advantage of by the owner of the oil, gas and mineral rights, which had become separated from the surface of the land, because the owner of such mineral rights did not live on the land. A covenant or agreement in a gas lease that the lessor shall have a

part of the gas free is a covenant running with the land. Thornton Oil and Gas, Section 159, Indiana Natural Gas & Oil Company v. Harper, 50 Ind. App. 555, 98 N. E. 743. See also in this connection Swiss Oil Corporation v. Dials, et al., 232 Ky. 298, 22 S. W. (2d) 912. As the free gas covenant is a covenant running with the land, it runs with the surface of the land and not with the oil, gas and mineral rights since the covenant could be a benefit only to one occupying and using the surface of the land.

Appellant contends further that the above quoted reservation in the deed conveying the surface of the land to appellee's prior vendor destroyed any right of the surface owner thereafter to use free gas. It is true that this deed to the surface of the land through which appellee claims did reserve all rights covered by the original lease but it does not appear to us that the intention of the parties to that deed was to destroy the free gas right attached to the surface. It is our opinion that the intention of that deed was only to reserve all rights under the lease which the grantors in that deed could use or which could be of some benefit to them. The free gas privilege could be of no benefit or use to the holder of the detached oil, gas and mineral right who did not live on the premises. We conclude therefore that this deed did not operate to destroy the free gas right attached to the surface of the land.

Appellant also contends that the free gas covenant contained in the original lease was abrogated by the new lease executed to it by Bee Patton Ross in September, 1928, containing no free gas clause. The conclusions heretofore enunciated are an answer to this contention since the covenant for free gas attached to the surface of the land and not to the oil, gas and mineral right. Mrs. Ross, by this new lease, could not destroy the right vested in the owner of the surface of the land to use free gas.

Appellant also contends that it had a right to stop the use of free gas by appellee by reason of her want of reasonable economy in the use of gas. The application for the use of free gas made by appellee and her husband contained a provision that "the gas company shall have the right to shut off the gas at any time

from the consumer for any of the following reasons: * * * (3rd) for want of reasonable economy in the use of gas." The validity of this provision was upheld in Warfield Natural Gas Co. v. Jude, 261 Ky. 113, 87 S. W. (2d) 108, in which the court held that the holder of a free gas right is entitled to such quantity as is reasonably necessary for domestic use and convenience as natural gas is ordinarily used. It was held in that case that the lessee had the right to cut off the gas supply until such time as the occupant of the premises installed proper appliances and prevented leakage and waste. It will be observed that the application for free gas made by Small and his wife did not contain a provision *forfeiting* the right to use free gas but only a provision giving the company the right to shut off the gas from the consumer. Had it contained a forfeiture provision the validity thereof would be doubtful since appellee's free gas right arises under the original lease which contained no such provision—any attempt to impose a forfeiture clause on the original lease would have been without consideration. Further, the notice given by appellant to appellee that it proposed to discontinue her use of free gas was not based on the fact that she had been using an excessive amount—it was based on appellant's contention that she had no free gas right at all. It is possible that appellee did not know she was using gas in excessive quantities. If she was doing so, she was entitled to notice in order that she might remedy the situation as indicated in the Jude case, supra.

We reach the conclusion therefore, that the trial court was correct in adjudging that appellee was entitled to free gas. However, under the free gas clause in the original lease appellee had no right to use a greater amount of gas than that sufficient for domestic use yet the judgment went so far as to enjoin appellant entirely from interfering with appellee's use of free gas. The proof showed that 225,000 cubic feet per annum was a liberal amount for appellee's use but that she had used an average of 579,000 cubic feet per annum for the last six years. In view of this proof, the judgment should not have been as sweeping as it was—it should have enjoined appellant from terminating appellee's right to free gas or interfering with her use thereof to the extent of 225,000 cubic feet per annum. A use of more

than that amount by her is unreasonable and she may be required to pay for any excess—to enforce such payment in the future appellant has the right to cut off the gas until payment is made.

The judgment is affirmed in part and reversed in part, with directions to modify it as herein indicated.