# Blair et al. v. Sturgill.

December 2, 1949.

Wheeler & Wheeler for appellants.

Wells & Wells for appellee.

JUDGE CAMMACK—Affirming.

This case involves the right to the use of free gas from a well recently drilled on land of the appellants. The appeal is from a judgment granting Sam Sturgill, plaintiff below, the right to use the gas.

In 1944, Sturgill purchased a tract of land from Lee Bayes which was already encumbered by an oil and

gas lease. The original lease contained the following provision: "* * * that while gas is being produced from the said land under this lease, the Lessor may have, by making his own connection at the well, two hundred thousand (200,000) cubic feet of free gas per year from the well or wells for the Lessor's use for heat and light in one dwelling house on the premises * * *" The deed from Bayes to Sturgill reserved the oil and gas, but conveyed to Sturgill the free gas privilege. The specific wording of that deed follows: "* * * Grantors consent that gas, if found in paying quantities may be furnished to grantee for one dwelling house, free, by grantors are in no way to be held responsible for the failure of any lessee to furnish said gas for such dwelling house." In 1945, Sturgill conveyed 50 acres of the land to Edward Sparks. That deed contained the following provision: "* * all the oil and gas on said land are hereby retained and all privileges concerning oil and gas reserved or retained by Lee Bayes and Hattie Bayes in Deed to Sam Sturgill are retained in this conveyance and not intended to be conveyed hereby." In 1946, Sturgill conveyed 75 acres of the land to the appellants. Of the original Bayes tract, Sturgill retained some six or eight acres on which the dwelling was located. The deed from Sturgill to the Blairs contained the following provision: "Oil and gas and all rights reserved in deed from Lee Bayes and wife to Sam Sturgill are reserved in this conveyance, being a part of land conveyed by Lee Bayes and wife, to the Male grantor herein * * *"

No well has been drilled on the Sparks land, but a producing gas well has been drilled on the Blair land. The Blairs disputed Sturgill's right to the free use of gas from that well and this action followed.

The original lease gave to the grantor the right to free gas for one dwelling house on the premises. The only dwelling house on the premises at the time of the execution of the lease is now owned by Sturgill. The Sparks and the Blair deeds reserved to Sturgill the gas rights conveyed to him by Bayes. As said in the case of Warfield Natural Gas Co. v. Moore, 281 Ky. 689, 136 S. W. 2d 1086, it is almost a universal custom in the oil and gas business throughout this country

for the lessor to be given the right to free gas to heat and light the dwelling on the leased premises. In some respects such a right is a personal one, because it is not subject to apportionment and is usually construed as a covenant running with that portion of the land whereon the dwelling was located at the time of the execution of the original lease. In the Moore case another dwelling was built on the land, but the occupant of that building was denied the right to free gas.

Judgment affirmed.