**J. H. HOWELL et al., Appellants,**

v.

**KENTUCKY–WEST VIRGINIA GAS COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1955.

430

Joe Hobson, Prestonsburg, for appellants.

Combs & Combs, Prestonsburg, for appellee.

CULLEN, Commissioner.

J. F. Howell and W. H. Howell, owners of the surface of a tract of land in Floyd County, brought action seeking a declaration as to their right to free gas for domestic purposes, under a reservation in a mineral deed executed by one of their predecessors in title. The court held that the reservation was personal to the original grantor in the mineral deed, and his children living on the land, and that the Howells were not entitled to free gas. The Howells appeal.

The mineral deed was executed by Samuel Music. The clause reserving free gas was as follows:

> "If oil and gas should ever be found in paying quantities, the grantors shall have the free use of gas for household and domestic purposes for all the children of grantors living on the farm or land herein described."

Samuel Music had six children at the time the mineral deed was executed. Later, he conveyed separate portions of the land to each of his children, and thereafter four of the children conveyed their portions to the Howells, who now occupy the land.

In Lyons v. Gambill, 242 Ky. 696, 47 S.W. 2d 532, this Court construed a free gas reservation very similar to the one here involved. In that case we held that the right to free gas was a personal one which the members of the grantor's family could exercise only so long as they continued to live on the farm, and was not a right that could be transferred to a stranger. We think the Gambill case is controlling here.

Wagner v. Hamilton, 303 Ky. 120, 196 S.W.2d 973, and Warfield Natural Gas Co. v. Small, 282 Ky. 347, 138 S.W.2d 488, relied upon by the appellants, are distinguishable. In the Wagner case, although the reservation was in terms personal, there was a clause in the deed reciting that all terms, conditions and covenants of the deed should extend to the heirs and assigns of the parties. In the Small case, the reservation was simply to the " 'party of the first part' ", and there was nothing to indicate an intention to limit the reserved right to specific individuals.

The judgment is affirmed.