UNITED FUEL GAS COMPANY, Appellant,

v.

Wendell McCOY, Appellee.

Court of Appeals of Kentucky.

Nov. 15, 1957.

J. K. Wells, Paintsville, R. K. Talbott, C. E. Goodwin, Charleston, W. Va., of counsel, for appellant.

Clyde L. Miller, Louisa, for appellee.

MONTGOMERY, Judge.

United Fuel Gas Company sought an injunction to prevent Wendell McCoy from using free gas from its wells or lines. The Chancellor held that McCoy, as a remote grantee of an original lessor, had a right under the oil and gas lease to a specified amount of free gas on the premises. The gas company appeals. The decisive question concerns the nature of the "free gas" covenant in the lease. The case was tried upon the pleadings and a stipulation of facts set forth in the judgment.

Appellant contends that the covenant is severable from the surface and may be personal or transferable as a part of the reserved mineral rights for the enjoyment of one not a holder of the surface.

G. D. Maynard and the Kirk heirs, joint owners in fee of a 1,092-acre tract of land, executed an oil and gas lease to Warfield Natural Gas Company on June 1, 1930. Appellant is the successor lessee under this lease. The lease provides as follows:

"Lessor may lay a line to any gas well on said land and take gas produced from said well for their own use for heat and light in two dwelling houses on said land * * *."

It further provides therein:

"All terms, conditions, limitations and covenants between the parties hereto shall extend to their respective heirs, successors, personal representatives and assigns. The covenants herein on behalf of the 'Lessor' are the joint and several covenants of each of the parties of the first part."

Following a dispute in 1935 while the same lessors still owned in fee both the surface and subsurface of the land, the original lease was modified as follows:

"The lessors are given the privilege of using the free gas provided for in said lease in either the towns of Kermit or Inez and in case the same is used in either of said towns of Kermit or Inez, off the premises, the limit of said free gas shall be 350,000 cubic feet per year, or at that rate. In case the same is used upon the premises, the terms of the lease shall control."

Thereafter, G. D. Maynard used free gas in his house in Kermit, West Virginia, until he moved to Ohio in 1944. Gas was first produced on the premises in 1935. The record is not clear as to whether G. D. Maynard ever used free gas on the leased premises.

The surface of the real estate owned by G. D. Maynard and the Kirk heirs was partitioned in 1945. Maynard was allotted the surface of the leased tract. The partition deed and all subsequent surface deeds expressly reserved all minerals and mineral rights and privileges. In 1950, Maynard sold his one-half interest in these rights to Russell Williamson and Roscoe Kirk. This conveyance provided:

"* * * the grantor, * * * conveys all of his entire title and interest in the above described coal, oil and gas and all other minerals, whether specifically described herein or not."

Williamson and Kirk were granted use of free gas under the terms of the lease by appellant. They are presently using gas free of charge off the leased premises.

G. D. Maynard conveyed 200 acres of the leased tract to Oscar Maynard in October 1946. Some time thereafter, Oscar Maynard connected to a well on the leased premises and began to use gas without paying for it. He sold the surface on which stood the house in which the gas was used to Gladys McCoy in 1949, with an oral understanding that he was not conveying to her any right to free gas.

On the date of the mineral rights conveyance to Williamson and Kirk, G. D. Maynard conveyed to appellee 410 acres of the "surface only" of the leased lands. Oscar Maynard and wife joined in the deed "for the purpose of conveying any interest which he may have in the boundary described herein".

The record contains the stipulation that "Oscar Maynard orally covenanted that the deed he was to execute to Wendell McCoy would include whatever right he had to free gas, although this covenant was not included in the deed, which excepted all minerals and mineral rights and privileges". Thereafter, appellee began using appellant's gas in a house on the premises conveyed to him and has continued to do so.

By his answer, appellee claimed that one of the free gas rights had been used by G. D. Maynard for his house in Kermit, West Virginia, in 1944 and was thereafter used successively in a house or houses on the leased premises by Oscar Maynard until the surface was sold to appellee who has since continued to use it. From this pleading, to which no response was filed, the free gas right was alleged to have been used successively to serve different houses on the surface of the leased tract.

The Chancellor held that:

"* * * the free gas right became a covenant running with the surface of the land and that the subsequent modification agreement and election of the lessor to take the gas off the premises did not sever it from the surface estate."

The ruling was based on Warfield Natural Gas Company v. Small, 282 Ky. 347, 138 S.W.2d 488, 489, wherein the rule construing the lease is stated:

"A covenant or agreement in a gas lease that the lessor shall have a part of the gas free is a covenant running with the land. * * * As the free gas covenant is a covenant running with the land, it runs with the surface of the land and not with the oil, gas and mineral rights since the covenant could be a benefit only to one occupying and using the surface of the land. * * * The free gas privilege could be of no benefit or use to the holder of the detached oil, gas and mineral right who did not live on the premises."

This is in accord with the general rule. 3 Summers, Oil and Gas (Perm.Ed.), Section 587, pages 399 and 405; Mills and Willingham, The Law of Oil and Gas, 5th Ed., Section 132, page 190; 2 Thornton, Oil and Gas, Section 368, page 665, also 1956 Supplement, Section 368, page 41; Annotation, 79 A.L.R. pages 496 and 502; 14 Am.Jur., Covenants, etc., Section 29,

page 506; 24 Am.Jur., Gas and Oil, Section 67, page 577.

 A similar lease provision has been so construed. Wagner v. Hamilton, 303 Ky. 120, 196 S.W.2d 973; Blair v. Sturgill, 311 Ky. 622, 224 S.W.2d 928. In Warfield Natural Gas Company v. Moore, 281 Ky. 689, 136 S.W.2d 1086, the Court refused to extend the rule to include a subsequently erected tenant house which was in addition to the original dwelling. By dictum, the opinion approved the use of free gas in a house subsequently erected in lieu of a dwelling which had been destroyed or razed, thus indicating that the use may be transferred from one dwelling to another on the leased surface but the right may not be enlarged to include an additional dwelling. Cf. Coleman v. Lindsey, 314 Ky. 273, 234 S.W.2d 950.

Judgment affirmed.