**J. W. PATRICK, Appellant,**

v.

**G. B. ALLEN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 13, 1961.

Joe Hobson, Prestonsburg, for appellant.

Burnis Martin, Prestonsburg, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment declaring the right of appellee Allen to have two dwellings owned by him furnished with free gas for domestic heating and lighting purposes. Appellant is the lessee under an operating oil and gas lease. He contends the reservation of free gas to a former

owner of one of the houses was a personal covenant which could not be transferred to Allen and that any reservation of free gas to be furnished the other dwelling could not be invoked for the benefit of his tenant. We are of the opinion the Chancellor correctly decided the issues, although our legal theory with respect to one of the dwellings may differ somewhat from his.

In 1915 the owner of a 32 acre tract conveyed one-half acre of the surface to one Martin and he built a house thereon. This one-half acre was later conveyed to Allen and he is now living on that tract.

In 1918 the original owner leased the oil and gas rights in the entire 32 acres to Penna-Grade Oil and Gas Co. This lease reserved free gas for heating and lighting "the inside of two dwelling houses". One of the houses belonged to the original owner and the other was the house built on the one-half acre tract by Martin, which Allen now owns.

In 1935 Alpha Rison was conveyed a three acre tract (part of the 32 acre tract) on which stood the original owner's house. Two years later she became the owner of the leasehold originally created in 1918. Since this merged the mineral rights with the surface rights in the property owned by her, it extinguished the reservation of free gas insofar as her dwelling was concerned. However, the reservation of free gas for the house owned by Allen, assuming it to be a covenant running with the land, was not extinguished by this transfer.

In 1937 Alpha Rison conveyed the oil and gas rights under the three acre tract to appellant. This deed reserved "for her own use free gas from the gas well on the above described premises for the life of said well".

In 1946 Alpha Rison conveyed a 1½ acre tract (carved out of her three acres) to appellee Allen. This included the Rison house, now occupied by Allen's tenant.

To summarize the situation when this suit was commenced: Allen owned both the Martin house and the Rison house. Assuming the reservations of free gas were covenants running with the land, the Martin house was entitled thereto under the original oil and gas lease executed in 1918 and the Rison house was entitled thereto under the conveyance of 1937 from Alpha Rison to appellant. There has been for a great many years one producing gas well on the 32 acre tract.

There are two questions to decide: (1) do the reservations of free gas constitute covenants running with the land, and (2) is the tenant of Allen, who occupies the Rison house, entitled to the benefit of such a covenant? The answer to both questions must be in the affirmative.

It is the general rule, long recognized in Kentucky, that the right to the use of free gas created by lease or deed, unless the language of the instrument clearly creates only a personal right, is a covenant running with the land. Summers Oil and Gas (Perm.Ed.) Vol. 3A, Section 587 (page 97); 24 Am.Jur., Gas & Oil, Section 67 (page 57); Warfield Natural Gas Co. v. Small, 282 Ky. 347, 138 S.W.2d 488; United Fuel Gas Company v. McCoy, Ky., 307 S.W.2d 176. (Attention is called to extensive authorities cited in this last case.)

The original lease of 1918 which affected the Martin house (now occupied by the owner Allen) specifically reserved free gas for "two dwelling houses". Clearly this covenant was designed as a benefit to the occupants of the houses. It constituted a covenant running with the land and was a right attached to the dwellings rather than a personal right of the original owner. Wagner v. Hamilton, 303 Ky. 120, 196 S.W.2d 973; Blair v. Sturgill, 311 Ky. 622, 224 S.W.2d 928; Coleman v. Lindsey, 314 Ky. 273, 234 S.W.2d 950.

In Warfield Natural Gas Co. v. Moore, 281 Ky. 689, 136 S.W.2d 1086, a covenant

of this character was construed to be for the benefit of particular buildings rather than a particular owner. In that case it was pointed out that such a covenant would even inure to the benefit of a new building erected to replace a destroyed structure which was covered by the reservation.

We conclude that under the 1918 lease to the Penna-Grade Oil and Gas Company the right to free gas followed the occupancy of the Martin house, now owned and occupied by Allen. Since this was a covenant running with the land, it was binding upon whomever operated the gas well on the leasehold and it was not extinguished by the transfer of the lease to Alpha Rison, the owner of the other dwelling.

■ We reach the same conclusion with respect to the Rison house (now occupied by Allen's tenant) by virtue of the 1937 conveyance of oil and gas rights to appellant. That deed provided:

"Party grantor herein reserves for her own use free gas from the gas well on the above described premises *for the life of said well.*" (Our emphasis.)

There was *also* reserved free gas for heating and lighting a church *building.*

■ When a question is presented as to whether or not such a covenant runs with the land or is personal to the grantor (or lessor), the manifest intention of the parties is sought. Warfield Natural Gas Co. v. Moore, 281 Ky. 689, 136 S.W.2d 1086. In view of the fact that there was then on the "premises" occupied by the gas well a dwelling which had theretofore been the subject of a free gas clause (in the 1918 lease), and in view of the fact that the right created was to continue "for the life of said well", it seems clear that it was for the benefit of the house rather than the personal benefit of the particular owner at that time. This conclusion is further fortified by the language which reserved the same right for a church building, which obviously was a covenant running with the land. By using the word "also" in connecting the two covenants, the parties indicated an understanding that they were of the same character.

The fact that the right was reserved for the "party grantor" is not controlling. In Warfield Natural Gas Co. v. Small, 282 Ky. 347, 138 S.W.2d 488, the lease contained the following:

"It is agreed that the party of the first part shall have gas sufficient for domestic use on the premises by laying his own line."

This language is in substance identical with that in the deed of 1937. It was held to create a covenant running with the land, not a personal one for the benefit of "the party of the first part". We therefore conclude that Allen's tenant, who occupies the Rison house, is entitled to the benefit of this covenant. See Sanford v. Witherspoon, 142 Pa.Super. 71, 15 A.2d 496.

Appellant relies on Lyons v. Gambill, 242 Ky. 696, 47 S.W.2d 532, and Howell v. Kentucky-West Virginia Gas Company, Ky., 275 S.W.2d 429. In the first case the free gas right created by deed was "for the use of any of his (grantor's) *immediate family.*" [242 Ky. 696, 47 S.W.2d 533.] (Our emphasis.) In the second case, the use was "for all the *children* of grantors living on the farm or land herein described". [275 S.W.2d 430.] (Our emphasis.) On their face these deeds created personal rights by describing with particularity what members of a specified class were to enjoy the benefits of the covenant. The distinguishing features of these two cases are plainly apparent. The Chancellor correctly adjudged the rights of the parties.

The judgment is affirmed.