David SALISBURY et al., Appellants,

v.

COLUMBIAN FUEL CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

March 5, 1965.

Joe Hobson, Prestonsburg, for appellants.

C. Kilmer Combs, Ashland, for Columbian Fuel Corp.

Paul C. Combs, Prestonsburg, for Gretchen and Bennie Lafferty.

MONTGOMERY, Judge.

David Salisbury and Betty Lou, his wife, appeal from a judgment by which Gretchen Lafferty and Bennie, her husband, were awarded the free use of gas under a lease now held by Columbian Fuel Corporation. Columbian's only interest is in knowing who is entitled to the gas.

The pertinent portion of the lease follows:

"Lessor to have gas free of cost from any such well for all stoves and all in-side lights in the principal dwelling house on said land * * *."

K. B. Hall and Maggie, his wife, became the joint owners of a large boundary of land, subject to the lease, upon which the principal dwelling house was situated. They lived in the house and enjoyed free gas until the house was destroyed by fire. Thereafter, the Halls occupied a dwelling on the premises, which formerly had been rented, known as the "Rent House." While there the Halls had free gas until 1936. In that year the Halls erected a new house on the former site of the principal dwelling, where they lived and used the free gas until K. B. Hall died.

On August 24, 1957, Maggie Hall and seven children of K. B. Hall, as his widow and heirs at law, executed a deed by which they divided the lands owned by them. Gretchen Lafferty received Parcel No. 5, which was part of the surface covered by the leasehold. The concluding sentence following a description of her tract is: "It is understood Parcel No. 5 will have free gas to the house on said described land." Grace Floyd, the predecessor in title of appellants, received Parcel No. 6, which also was a part of the surface covered by the leasehold. The rebuilt principal dwelling house was located on Parcel No. 6.

Appellants instituted this action and claimed the right to free gas. The lower court held that Gretchen Lafferty was the only person entitled to free gas under the lease and that appellants were estopped to question her right to such use.

Appellants contend that the covenant to furnish free gas is a personal one, extending only to the person owning the principal dwelling house on the lands, relying on Coleman v. Lindsey, 314 Ky. 273, 234 S.W. 2d 950, and Patrick v. Allen, Ky., 350 S.W. 2d 481.

The rule, as stated in Patrick v. Allen, is that the right to the use of free

gas created by lease or deed is a covenant running with the land unless the language of the instrument clearly creates a personal right. The criterion for determining whether a covenant runs with the land or is merely personal is the intention of the parties. A recitation in a conveyance, and repeated in a subsequent conveyance, in favor of a grantor, his heirs and assigns indicates a covenant running with the land. Maynard v. Ratliff, 297 Ky. 127, 179 S.W. 2d 200. The customary method of creating such a covenant is to bind the grantor's assigns. 14 Am.Jur., Covenants, Conditions and Restrictions, Section 6, page 485. See United Fuel Gas Co. v. McCoy, Ky., 307 S.W.2d 176, and cases collected therein.

The lease contains the following provision:

"If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed, the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns * * *."

■ A. C. Webb and wife executed the lease in question to Ward Allen in 1923. In a division of the Webb land the tract in question was conveyed to K. B. and Maggie Hall. Columbian is the successor in title to Allen. Thus, the respective rights and obligations under the lease concerning free use of gas have been made binding on the Halls and Columbian by subsequent conveyances. This is a clear indication that the covenant is one to run with the land instead of being personal.

■ The fact that the gas has been furnished to three houses, the original principal dwelling, the replacement to it, and the "Rent House," indicates that the covenant runs with the land and is not personal, and

it has been so considered by all the parties concerned until appellants acquired Parcel No. 6. In the division of the Hall lands the provision in favor of Parcel No. 5 shows that the Halls did not consider the covenant personal or restricted to the principal dwelling house. On the contrary, it was considered a right incident to ownership of the surface. As quoted, the lease expressly provides for assignment in whole or in part. Such division was contemplated by the parties. No reason is advanced why all of the surface owners, without objection by the lessee, could not have assigned or disposed of the right to free gas so long as it continued to run with some part of the surface and was not enlarged. The right to free gas undoubtedly was considered as one factor in arriving at an equal division of the Hall lands. The conclusion is that the covenant was one running with land which was assignable to a portion of the surface. Appellants have not shown clearly that the covenant was intended as a personal one.

The cases relied on by appellants, including Warfield Natural Gas Company v. Moore, 281 Ky. 689, 136 S.W.2d 1086, do not stand for the proposition advanced by appellants that the covenant is for the sole benefit of the person owning the principal dwelling house. A reading of the cases relied on reveals that they stand for the proposition that the covenant runs with the land and cannot be enlarged. In the Moore case, use of gas in a tenant house piped from the main dwelling was prohibited. The use of the gas in a different house on the lands is not a violation of the covenant so long as the use is limited to one house as provided in the lease.

Judgment affirmed.

HILL, J., not sitting.