Dukes v. Cole et al.

Filed Sept. 18, 1891.

———◆———

No. 14,906.

## DUKES *v.* COLE ET AL.

PLEADING.—*Sufficiency of Answer.*—*Reply.*—The Supreme Court will not look beyond the allegations of an answer, to the reply, for the purpose of determining its sufficiency.

SAME.—*Exhibits.*—*When Part of Pleading.*—Exhibits are to be considered as a part of a pleading only in cases where they are copies of the instrument upon which the pleading is founded.

PRACTICE.—*Assignment of Error.*—*Failure to Make Specific Objection.*—Where it is assigned as error that the court erred in rendering judgment upon a demurrer, but no specific objection was made thereto, and no exception was taken, the judgment will not be disturbed.

From the Miami Circuit Court.

*J. M. Brown, N. N. Antrim* and *J. L. Farrar,* for appellant.

*R. P. Effinger, C. A. Cole* and *S. T. McConnell,* for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that by a contract in writing the appellees sold to him a large number of growing trees; that he cut down the trees and sawed them into logs and cordwood; that, after this was done by him, the appellees seized the logs and cordwood and converted them to their own use.

The appellant has not made good any point on the answers pleading a former recovery, for no specific defects are designated. We can not say that the answers are bad, for, while they are not well drawn, they are sufficient in substance to require us to uphold the judgment of the trial court. In discussing the sufficiency of the answers counsel refer us to exhibits filed with the reply, but we can not look beyond the allegations of the answers for the purpose of determining their sufficiency. If, however, it were true that we could look beyond the answers, to the reply, we could not regard the exhibits, for they are not parts of the pleading. It has been often decided that exhibits are only to be considered as a part of a pleading in cases where they are copies of the instrument upon which the pleading is founded.

It is specified in the assignment of errors that the court erred " in rendering judgment for the defendants on the demurrer to the second paragraph of the reply." Waiving a decision of the question whether this is a proper specification of error, we hold against the appellant, for the reason that there was no specific objection to the judgment, nor was there

.any exception. If the specification had been upon the ruling on the demurrer to the reply a very different question would be presented.

Judgment affirmed.

Filed Sept. 24, 1891.