## First National Bank of Seymour v. Greger, Treasurer Jackson County.

[No. 19,623.   Filed November 26, 1901.]

PLEADING. — *Exhibits.* — *Injunction.* — *Taxation.* —Where the complaint, in a suit to enjoin the collection of taxes on the ground that the assessment had been reduced on appeal to the State Board of Tax Commissioners, alleged that the minutes of said board were indefinite and uncertain, and were afterward corrected, a copy of the corrected minutes filed as an exhibit cannot be considered in determining the sufficiency of the complaint, since the action was not founded upon the minutes.  *pp. 479-481.*

INJUNCTION.—*Taxation.*—*Complaint.*—A complaint by a bank to enjoin the collection of taxes, alleging that the valuation of its capital stock and property as entered on the tax duplicate was $143,110, but that on appeal the State Board of Tax Commissioners assessed the same at $133,110, and that plaintiff paid the taxes on the latter valuation, is sufficient on demurrer.  *pp. 479-481.*

From Jackson Circuit Court; *T. B. Buskirk,* Judge.

Suit by the First National Bank of Seymour against Alexander Greger, treasurer of Jackson county to enjoin the collection of taxes. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Reversed.*

*O. H. Montgomery,* for appellant.

*C. E. Wood,* for appellee.

MONKS, J.—It appears from the record that the valuation of appellant's capital stock and property was entered on the tax duplicate of Jackson county for 1899 at $143,110, the amount to which the same was increased by the county board of review and the taxes extended thereon at the rate of $1.68 on each $100 of said valuation; that appellant paid its taxes at that rate on $133,110, and brought this action to enjoin the remainder of the taxes charged on said duplicate, claiming that the State Board of Tax Commissioners had on appeal assessed said capital stock and property at $133,110 for the year 1899. A demurrer for want of facts

was sustained to the complaint, and this ruling is assigned for error.

If it is shown by the complaint that the State Board of Tax Commissioners assessed said property on appeal at $133,110 the court erred in sustaining the demurrer, and the judgment must be reversed, otherwise it must be affirmed. The part of the complaint essential to the determination of this question is as follows: "On the 19th day of August said State Board of Tax Commissioners, having duly obtained jurisdiction of said matter, duly granted plaintiffs said appeal, and finally assessed plaintiff, its capital stock and property for the year 1899 at the aggregate sum of $133,110, but that the minutes of the action of said board were indefinite and uncertain, and the same were, on the 2nd day of January, 1901, by said board made more certain and definite, a copy of which corrected minutes is filed herewith and made a part hereof marked exhibit A." As the action was not founded upon the minutes made at the special session of the board in January, 1901, the same can not be considered in determining the sufficiency of the complaint, although filed as an exhibit. *Gum-Elastic, etc., Co.* v. *Mexico Pub. Co.,* 140 Ind. 158, and cases cited, 30 L. R. A. 700.

There is a direct averment that on appeal the State Board of Tax Commissioners assessed appellant's capital stock and other property at $133,110, and there are no facts averred in the complaint which contradict or overthrow said allegation. No question concerning the sufficiency of the record of the action of the board, at its regular session, to establish the allegations in the complaint, or the admissibility thereof in evidence, is presented by the demurrer to the complaint. Neither is any question presented as to the power of said board to make the *nunc pro tunc* entry at its special session in January, 1901.

A constitutional question is discussed in the briefs, but it is well settled that the same will not be considered when

the case can be decided without passing upon that question. *Martin* v. *State*, 143 Ind. 545, 549; *Pennsylvania Co.* v. *Ebaugh,* 144 Ind. 687, 694. It follows that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.