## Indiana Natural Gas & Oil Company v. Sexton.

[No. 4,449. Filed November 5, 1903.]

QUIETING TITLE.— *Complaint.* — *Gas and Oil Lease.*— A complaint against a lessee to quiet title which shows on its face that the lease had expired before the action was brought, and it is not shown that the lessee was contending that the lease, in any manner, affected the real estate at the time the action was commenced, or that plaintiff was the owner of any right, title, or interest in the real estate upon which the alleged lease was executed, is insufficient.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Edmund G. Sexton against the Indiana Natural Gas & Oil Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Foster Davis, J. C. Blacklidge, C. C. Shirley, Conrad Wolf* and *W. O. Johnson,* for appellant.
*W. D. Lett* and *W. E. Haisley,* for appellee.

HENLEY, J.—The complaint in this case was attacked by demurrer. The trial court held the complaint sufficient. Its averments were substantially as follows: That appellant is a corporation; that appellee on the 21st day of May, 1889, leased to one Edmund H. Ford, by an instrument in writing, a copy of which is filed as an exhibit, certain real estate in Grant county, Indiana, which lease was for the express term of five years from the date of the lease, and was for the purpose of giving the lessee the right to drill and operate for gas and oil; that this lease was recorded on

the 26th day of June, 1889, in the recorder's office of Grant county in miscellaneous record number six, on pages 221 and 222; that in May, 1889, the said Ford assigned his interest in said lease to the Silurian Gas and Oil Company; that on the 29th day of September, 1890, the Silurian Gas and Oil Company assigned its interest in said lease to the appellant; that neither appellant nor any one under whom it claims title ever took possession of said premises under said lease, and have not at any time since the execution of the lease operated or attempted to operate for gas or oil or for any purpose whatever; that appellee has demanded of appellant that it enter a release of said lease of record, which appellant has refused to do, "and still claims and asserts some interest therein." The prayer of the complaint is that appellee have judgment in the sum of $100; that the lease be declared of no force or effect, and that it be released of record, and that a commissioner be appointed to release it, and for all other proper, legal, and equitable relief.

The complaint is insufficient as a complaint to quiet title because it fails to show title in appellee. *Chapman* v. *Jones,* 149 Ind. 434, and cases cited.

It is insufficient as a complaint to quiet title for the further reason that it does not aver that appellant is claiming any interest adverse to the appellee's title, or that any claim of the appellant's is unfounded and is a cloud upon the appellee's title. *Conger* v. *Miller,* 104 Ind. 592, and cases cited.

The complaint shows on its face that the lease was for a term of five years; that the term of the lease had expired more than six years before this action was brought. Neither by the terms of the lease nor the averments of the complaint is it shown that appellant was contending that the lease in any manner affected the real estate at the time the action was commenced, nor is it shown by averment or necessary inference that appellee was the owner of any

right, title, or interest in the real estate upon which the alleged lease was executed. If the lessee was in fact claiming an interest in the land by virtue of this lease at the time the action was commenced, and such claim was a cloud on the title of the owner of the land, he could in an appropriate action have it removed; but such allegations are not made, nor such relief asked. Nor can appellee cause the cancelation of the lease without alleging that he is the owner of the land affected by such lease.

The complaint does not state a cause of action. Judgment reversed.