## CORBIN OIL CO. ET AL. v. SEARLES.

[No. 5,437.  Filed October 6, 1905.]

1. PLEADING.—*Complaint.*—*Injury.*—A complaint which fails to show any injury to the plaintiff and which fails to name or refer to some of the defendants is bad.  p. 217.

2. SAME. — *Complaint.* — *Quieting Title.* — *Ownership.* — A complaint to quiet title must show that the plaintiff is the owner of the premises.  p. 218.

3. SAME.—*Complaint.*—*Allegations.*—A complaint must make direct allegations of fact, and from the facts there must necessarily arise a cause of action upon some definite theory, which allegations upon traverse will present an issuable fact to be tried.  p. 218.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Suit by Alpheus T. Searles against the Corbin Oil Company and others.  From a decree for plaintiff, defendants appeal.  *Reversed.*

*Field W. Swezey* and *Robert M. Van Atta,* for appellants.

*Branyan & Feightner,* for appellee.

BLACK, J.—A demurrer of the appellants to each of the two paragraphs of the appellee's complaint, for want of sufficient facts, was overruled.  The first paragraph was in the ordinary brief form of a complaint to quiet title to certain real estate in Huntington county.  In the second paragraph, which the appellants here insist was insufficient, it was alleged that "the defendant [Corbin Oil Company] is a corporation doing business in the State of Indiana; that the business of said corporation is leasing and putting down oil-wells and operating the same;" that May 3, 1901, the appellee and said "defendant entered into a written agreement, a copy of which agreement is filed with the complaint and marked exhibit B, and made a part thereof; that said agreement was acknowledged and re-

corded in  *  *  *  ; that by the terms of said agreement
defendant [oil company] was to enter upon said premises
of this plaintiff and prospect for oil and gas, and operate
wells thereon; that, in the event gas was found on said
premises in sufficient quantities to transport, this plaintiff
was to receive $100 a year for each well from which the
product was transported; that plaintiff, in event oil was
found, was to have one-eighth part thereof delivered in the
pipe-line; that, in event no well was put down by defend-
ant [Corbin Oil Company] within ninety days from date
of agreement, the agreement was to become null and void,
unless defendant would pay to this plaintiff $31.50 in ad-
vance for each three months thereafter such completion was
delayed, said amount to be reduced $6.30 for each well put
down by defendant [company]; that, in event no well was
put down within three years, the agreement of said parties
was to cease and be of no effect, but defendant [Corbin Oil
Company] was to have the right to cancel and annul said
agreement, or any part of it, at any time it saw fit;" that,
"pursuant to said agreement, defendant [oil company] en-
tered upon said premises and put down a well and found
oil, but not in paying quantities; that said defendant
operated said well for a short time, and then abandoned
it, and that thereafter defendant [company] paid this
plaintiff $25.20 each three months in advance for the sole
purpose of holding said premises; that said defendant has
long since removed all its machinery from plaintiff's prem-
ises, and has wholly abandoned the same;" that "the only
consideration for which plaintiff executed said lease was
the prospective royalties to be derived from said well; that
all the premises which adjoined his premises have many
good and paying wells upon the same, and plaintiff avers
that he believes and has good reason to believe that there
is oil and gas in his premises, which could be found if de-
fendant [Corbin Oil Company] would prosecute the search
for the same with diligence;" that, "if defendant [oil com-

pany] is permitted to hold said premises, in a short time all the oil and gas in his premises will be drawn off and extracted through the wells on the adjacent premises; that defendant [oil company] has wholly failed to prosecute said search for oil and gas with diligence, and that it failed to insert in its agreement with this plaintiff that it would prosecute said search with diligence; that said lease is a cloud on his title which is unfounded and without right and adverse to this plaintiff's title;" that "he refused the last money due him from this defendant, and demanded that said agreement be released and canceled of record, but the defendant [oil company] refused to comply with said demand. Wherefore plaintiff demands judgment that said lease be canceled of record, and that his title be quieted as against defendant [Corbin Oil Company]; and that he be given judgment for $1,000 for detention of the same, and for all other proper relief." An instrument, marked exhibit A, follows the complaint in the transcript of the record. Besides the Corbin Oil Company seven natural persons were made defendants. The defendants severally demurred to each paragraph of the complaint, and they have severally assigned here various alleged errors, among them that the court erred in overruling the demurrer to the second paragraph of complaint.

If this paragraph stated any cause of action against the Corbin Oil Company, it certainly did not show any cause against any other of the appellants, none of whom 1. are named or referred to in the paragraph. The action was not founded upon the written instrument appended to the complaint as an exhibit, and it was not proper to look to it to supply anything wherein the complaint is lacking. It was not shown that the appellee had been damaged in any amount, and the prayer for damages had no basis in fact to give it any efficiency as a part of the complaint

The suit was one to quiet title to real estate, and, by way of removing a cloud thereon, to have the instrument in question canceled of record. For such purpose it was essential that the complaint should show that the appellee was the owner of the real estate.

2.

"It is thoroughly settled in this State that a complaint to quiet title will be bad on demurrer for want of sufficient facts to constitute a cause of action, if the facts stated therein fail to show title in the plaintiff." *Chapman* v. *Jones* (1898), 149 Ind. 434. The object of the action is to settle the title of the plaintiff and to clear it from all claims of the defendant. *Ragsdale* v. *Mitchell* (1884), 97 Ind. 458. "Of course, in such an action, the plaintiff or cross-complainant must allege in his complaint or cross-complaint that he is the owner of certain real estate, or of a certain interest therein, describing the same; and that the claim of the defendant to his action or cross-action, in or to such real estate or interest therein, is adverse to the title asserted by the plaintiff, or is unfounded and a cloud upon plaintiff's title." *Johnson* v. *Taylor* (1886), 106 Ind. 89. See, also, *Woodward* v. *Mitchell* (1895), 140 Ind. 406; *Island Coal Co.* v. *Combs* (1899), 152 Ind. 379; *Indiana, etc., Oil Co.* v. *Sexton* (1903), 31 Ind. App. 575.

It is essential to the sufficiency of a complaint on demurrer that upon a reasonable construction of the language used it may be seen by an inspection of the pleading that all the facts necessary to a complete right of action are stated in such a manner that such right may be said to arise necessarily from them upon some definite theory and in such form that, the defendant being thereby fully informed of the nature of the plaintiff's claim, the pleading will be susceptible of denial by answer, so that, upon being so traversed, a distinct issue of fact will be formed for trial. Material facts should be shown by direct and issuable averment, not merely left to infer-

3.

ence, and not pleaded by way of recitals. In such an action as the one at bar, title, being a material and traversable fact, must be clearly and directly alleged with certainty to a common intent.

"It is a familiar rule of pleading that a demurrer admits only such facts as are sufficiently pleaded, and it is quite as well settled that facts must be directly averred, and not pleaded by way of recitals." *Indiana, etc., R. Co.* v. *Adamson* (1888), 114 Ind. 282, 284. It must be admitted that the objection urged by counsel for the appellants, that the appellee is not directly alleged to be the owner of the real estate in question, is not without foundation.

We will not take special notice of other features of the complaint, or questions thereunder, which counsel have somewhat meagerly argued, and which may be more definitely raised upon a more carefully prepared complaint.

Judgment reversed.