## ALDRICH v. AMISS ET AL.

### [No. 21,985.  Filed October 8, 1912.]

1. PLEADING.—*Complaint.—Exhibit.—Action for Cancelation of Deed and to Quiet Title.*—In an action for the cancelation of a deed and to quiet plaintiff's title to the real estate, the deed is not the foundation of the action, and, although filed therewith as an exhibit, it is no part of the complaint and cannot be considered when the complaint is demurred to for insufficient facts. p. 305.

2. DEEDS.—*Validity.—Conveyance Without Consideration.—Cancelation.—Complaint.—Sufficiency.*—A voluntary deed, without consideration, is good between the parties thereto, so that a complaint for the cancelation of a deed is insufficient, where lack of consideration is the only fact alleged as a cause for setting the same aside. p. 305.

From Huntington Circuit Court, *Samuel E. Cook*, Judge.

Action by Julia A. Aldrich against Joseph G. Amiss and another. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*S. M. Sayler, C. W. Watkins* and *C. A. Butler*, for appellant.

*R. A. Kaufman*, for appellees.

SPENCER, J.—Action by appellant on a complaint in one paragraph, demanding that a certain deed, in which Julia A. Gibhart and Isaac Gibhart were the grantors, and Joseph G. Amiss, trustee, was the grantee, be delivered up and canceled, and that appellant's title to the land described in the deed be quieted. Appellees filed separate demurrers to the complaint for insufficient facts, which demurrers were sustained by the court. Appellant refusing to plead further, judgment was rendered for appellees. From that judgment this appeal is prosecuted. Appellant assigns as errors the rulings of the lower court in sustaining appellees' demurrers.

The complaint, omitting the caption, is as follows:

"Julia A. Aldrich, formerly Julia A. Hier, complains of the defendant, Joseph G. Amiss and William H. Hefner, and says that on the tenth day of December, 1898, the plaintiff was seized in fee simple of the following described real estate in the county of Huntington and state of Indiana, to wit: [Description of real estate is here set out.] That on said day the defendant procured a deed for said real estate, a copy of which deed is filed herewith and made a part hereof and marked exhibit A. That plaintiff received no consideration whatever for the deed so made and delivered to the defendants and that nothing whatever has been paid this plaintiff therefor. That since said time and on the 24th day of July, 1903, the plaintiff demanded a reconveyance of said real estate which the said defendant refused to make. Wherefore the plaintiff asks that the deed be ordered delivered up and cancelled and that plaintiff's title be quieted in said real estate and for all proper relief in the premises. That the trustee be required to make final report." The complaint alleges that a copy of the deed from Julia A. Gibhart and Isaac Gibhart to Joseph G. Amiss, trustee, is filed therewith, made a part thereof, and marked exhibit A.

This being an action in which plaintiff seeks to have a deed canceled, and her title to real estate quieted, the deed is not the foundation of the action, and is not made a part of the

complaint by being filed therewith as an exhibit, and
1. cannot be considered when the complaint is demurred
to for insufficient facts. §368 Burns 1908, §362 R. S.
1881; *Rausch* v. *Trustees, etc.* (1886), 107 Ind. 1, 8 N. E. 25;
*Ross* v. *Menefee* (1890), 125 Ind. 432, 25 N. E. 545; *Dukes*
v. *Cole* (1891), 129 Ind. 137, 28 N. E. 441; *Indiana Nat.
Gas, etc., Co.* v. *Lee* (1904), 34 Ind. App. 119, 72 N. E. 492;
*Evansville, etc., R. Co.* v. *Huffman* (1904), 32 Ind. App. 425,
70 N. E. 173; *Corbin Oil Co.* v. *Searles* (1905), 36 Ind. App.
215, 75 N. E. 293; *Marshall* v. *Matson* (1908), 171 Ind. 238,
86 N. E. 339; *First Nat. Bank* v. *Greger* (1901), 157 Ind.
479, 62 N. E. 21.

Lack of consideration is the only fact alleged as a cause
for setting aside the deed. This is not sufficient. A volun-
tary deed, without consideration, is good between the
2. parties thereto. *Thompson* v. *Thompson* (1857), 9
Ind. 323, 68 Am. Dec. 638; *Randall* v. *Ghent* (1862),
19 Ind. 271; *McCaw* v. *Burk* (1869), 31 Ind. 56; *Fouty* v.
*Fouty* (1870), 34 Ind. 433.

The court did not err in sustaining the demurrers of de-
fendants. Judgment affirmed.

NOTE.—Reported in 99 N. E. 419. See, also, under (1) 31 Cyc.
560; (2) 13 Cyc. 534. As to the validity of voluntary or fraudulent
conveyances as between the parties, see 135 Am. St. 330.