### INDEPENDENT CONGREGATIONAL SOCIETY
v.
### Isaac DAVENPORT et al.

Supreme Judicial Court of Maine.

Jan. 27, 1978.

Eaton, Peabody, Bradford & Veague by Clarissa B. Edelston (orally), Thomas M. Brown, Bangor, for plaintiff.

Harold C. Hamilton, II, Bangor (orally), Eugene W. Beaulieu, Old Town, John M. Dudley, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

The present site of the Unitarian Church structure and parsonage at the corner of Union and Main Streets in Bangor is comprised of what were at one time three contiguous parcels of land. Appellant Society derives its title to the site as follows:

To Parcel I from a deed in 1827, made by Isaac Davenport, containing the following language:

"Provided, however, that if said subscribers shall not proceed to erect a church thereon within one year and also provided that the aforegranted premises shall cease to be used occupied and improved by said Society as a place of the public religious meetings of said Society this deed is to be void, and the said premises are to revert to me or my heirs."

To Parcel II from a deed in 1830, made by trustees of the estate of Isaac Davenport, stating:

"This Deed is given on the condition that the same shall be kept forever for the accommodation of the said meeting house."

To Parcel III by deeds in 1852, stating: "Subject to the condition that said premises shall be used for the sole purpose of promoting the object of said society by the erection and maintenance thereon of a house of public worship or other uses connected therewith & appropriate to the object and constitution of said corporation and no other."

The Independent Congregational Society has used the property as the site of a church and parsonage to this day. It is stipulated by the parties to this action that the attendance of worshipers at the church has dropped from about five hundred regular members to about thirty, that the recent

active membership is now about sixty persons, and that the financial strain of maintaining the building with so small a congregation is inhibiting efforts to revitalize the church.

The Society brought suit in Superior Court to quiet and establish title and remove any cloud from its title to the three parcels created by the restrictive language in the deeds. Because the identity or location of any heirs of the several grantors was not known, a guardian ad litem was appointed to represent them in their absence. From the denial of its requested relief the plaintiff makes timely appeal.

■ The controlling consideration for this case is that the several instruments conveying the parcels comprising the tract assembled for the church should be construed, if reasonably possible, in such a way that the restrictions on use set forth in the later deeds have legal effects identical to the effect of the related restriction in the deed of the first parcel. Contiguous parcels were conveyed at different times, with restrictions varying somewhat in exact language but all having as their main purpose limiting the use of the tract to construction of the appellant's church edifice and maintenance of its functions. Doubtful language in those deeds should be so interpreted as to yield similar legal consequences of the restrictions. It makes no sense to import any intention on the part of the various grantors to create different kinds of restrictions or reversionary interests when all parcels were intended to be, and finally were, united in one tract used for construction of a large church.

■ The grantee's interest in Parcel I was a fee subject to condition subsequent. The 1827 deed provided that if the land ceased to be used for religious meetings it was "to revert to me or my heirs." Besides being expressed in the language of condition, the restriction was coupled with another condition, the erection of a church within one year, breach of which was plainly intended to empower the grantor or his heirs to bring about a forfeiture. The natural conclusion is that the two restrictions in Parcel I were to be given similar legal effect and that the deed of Parcel I thus created a fee subject to two conditions subsequent with right of re-entry in the grantor or his heirs in the event of the breach of either.

■ The later deeds, conveying Parcels II and III, contained restrictive provisions, also in language of condition, to the effect that the land be used for church purposes. Whatever might be the correct construction of those later deeds if each was to be considered without reference to the whole situation, since all three parcels form a united tract on which the church was in fact constructed the entire tract must be regarded as held in fee subject to condition subsequent.

The restrictive condition must be examined carefully with respect to duration. Though the conditions in the 1827 deed of Parcel I and in the 1852 deeds of Parcel III stated no limit of time, they were not in terms perpetual. The condition in the 1830 deed of Parcel II contained language of perpetuity; namely, "shall be kept forever for the accommodation of the said meeting house." The 1830 deed was given by the trustees of the estate of the grantor of Parcel I, and it would be unreasonable to infer merely from the quoted language that they intended the condition in their deed to have legal consequences different from those arising out of the cognate condition in their decedent's earlier deed in a situation where the united tract was to be used for construction and maintenance of a church. In effect, after 1852, the entire tract of three parcels must be regarded as held in fee subject to a condition as stated in the deed to Parcel I.

When a fee on condition subsequent is created by a deed or will stating no time during which the condition must remain satisfied, the rule has become established in other jurisdictions that a reasonable time should be implied. E. g., *Board of Com'rs of Oklahoma County v. Russell,* 174 F.2d 778 (10th Cir. 1949); *J. M. Carey & Brother v. City of Casper,* 66 Wyo. 437, 213 P.2d 263 (1950); *Hasman v. Elk Grove Union High School,* 76 Cal.App. 629, 245 P. 464 (1926);

*Sheets v. Vandalia R. Co.,* 74 Ind.App. 597, 127 N.E. 609 (1920). See 1 American Law of Property § 2.8 (A. J. Casner ed. 1952); 4 G. Thompson, Real Property, § 1890 (1961). Such decisions are sometimes referred to as applying a doctrine of substantial performance, but they are better understood as manifesting the traditional preference for a construction of uncertain language that avoids forfeiture instead of one that brings it about. Application of the rule prevents senseless forfeiture long after the purpose of the condition has been achieved. The rule is also in accord with the traditional bias in favor of grantees in the construction of deeds: in the absence of controlling factors to the contrary, doubtful language in a conveyance is to be treated as transferring the larger or less restricted estate rather than the smaller or more restricted. *C. Company v. City of Westbrook,* Me., 269 A.2d 307 (1970).

There being no precedent to the contrary in Maine, we deem it correct to apply here the principle of construction established in other jurisdictions and supported by common sense. The basic deed, from Isaac Davenport to the subscribers in 1827, joined a condition that a church be built on the land within one year to a condition that the premises not cease to be used, occupied and improved by the Society for public religious meetings of the Society. Nothing in the language of the restriction suggests that the grantor's purpose was to require the church in perpetuity to observe the second condition regardless of all changes that might ever occur in the city of Bangor or in the church congregation itself, and no good reason appears for reading into the condition such a requirement of perpetual observance.

■ What constitutes a reasonable time for compliance with a condition subsequent in a case of this sort is normally a question of fact to be determined by the trial court after considering all the circumstances, including the purpose or purposes the condition was intended to achieve. In this particular case, however, as a matter of law after a century and a half, a reasonable time has passed. The condition on the use of the tract has been fulfilled, and the

appellant owns the entire tract in fee simple absolute.

The entry is:

Appeal sustained.

Remanded for further proceedings in accordance with this opinion.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

POMEROY, WERNICK and ARCHIBALD, JJ., and DUFRESNE, A. R. J., concurring.