**CITY OF CASPER, Appellant (Plaintiff below),**

v.

**J. M. CAREY & BROTHER, a dissolved Wyoming Corporation, and Charles D. Carey, representative of J. M. Carey & Brother, a dissolved Wyoming Corporation, Appellees (Defendants below).**

**No. 5120.**

Supreme Court of Wyoming.

Oct. 29, 1979.

H. B. Harden, Jr., Casper, for appellant.

Claude W. Martin of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellees.

Before RAPER, C. J., THOMAS, ROSE and ROONEY, JJ., and GUTHRIE, J., Retired.*

ROSE, Justice.

This action involves the single issue of whether, under the facts of this case, the passage of time has sufficed to extinguish a condition subsequent and a possibility of reverter or right of reentry on condition broken. We will hold that under the facts involved it has not and will affirm the trial court, but will modify the judgment.

This matter came to issue in the trial court when the City of Casper, appellant and owner of a city block of land subject to a condition subsequent, brought a "Complaint in Action to Quiet Title" [1] against the holders of the possibility of reverter. Having considered the stipulated facts, the trial judge held against the City in that he found that the defendants, appellees here, held a valid right of reentry on condition broken in the property, as provided in a certain warranty deed from J. M. Carey & Brother, a corporation, to the City of Casper, dated June 27, 1918, as modified by a subsequent agreement of the parties dated July 26, 1938, and that the right of reentry had not been extinguished by the passage of time. The judge further observed that the defendants had made no contention that the condition had, in fact, been broken and did not disturb the City of Casper's possession of the property.

An action involving this same deed, with its condition subsequent and modification,

---

* McCLINTOCK, J., having recused himself from participation in this case, GUTHRIE, J., Retired, was assigned, having been retained in active judicial service pursuant to Article 5, Section 5, Wyoming Constitution, and Section 5–1–106(f), W.S.1977, by order of this court entered on January 1, 1979.

1. The City alleges it is the owner of Block 32 in fee simple and asks the court to quiet the title to the tract in the City and adjudge the defendants and all persons acting by and through them to have no right, title or interest therein.

was the subject of this court's opinion in an earlier case, *J. M. Carey & Brother v. City of Casper*, 66 Wyo. 437, 213 P.2d 263 (1950) (hereinafter "the first *Carey* case"). We will not repeat the facts extensively detailed in that opinion except to briefly describe the condition subsequent and later developments. The condition is contained in the aforesaid 1918 deed from Carey to Casper and requires the City, within three years of its execution, to erect a city hall on the property and thereafter use the property for the maintenance of a city hall *and* a public park. The condition provided that if the property were "disposed of for any other purpose than those stipulated," or if the city hall were not erected as described, then title would revert to the grantor.[2] The city hall was built as specified. However, in 1940, the city moved most of its offices into a newly constructed City and County Building, and in 1947 the grantor corporation initiated suit to exercise its right of entry on condition broken. It was alleged in this

2. The condition subsequent and possibility of reverter language is as follows:
   "Provided, however, that said property here-inbefore described is granted to said Party of the Second Part, its successors and assigns, upon the express condition that a City Hall building for said City of Casper suitable for the needs of said City of Casper and with such changes and additions as may from time to time become necessary, is to be erected thereon within a reasonable length of time, not exceeding three (3) years from the date of this instrument, and that said Block is to be used thereafter for the maintenance of a Public Park and for no other purposes.
   "It is agreed, by the Parties hereto, that in case said described property is disposed of for any other purposes than those stipulated above, or if said City Hall building is not erected thereon within the period heretobe-fore stipulated, then and in such case, title to said described property shall revert to said Party of the First Part, its successor or assigns."

3. With respect to the modification, we said in the first case of *J. M. Carey & Brother v. City of Casper*, supra, at p. 279:
   "So far as the so-called modified conditions set out in the agreement between the J. M. Carey and Brother corporation and the City are concerned, it is perfectly plain from its terms and the allegations of plaintiffs' second amended petition that it was entered into by the parties solely because it was thought at the time of its preparation and execution,

suit that, since 1940, the City had failed to maintain various city offices in the original city hall building and had rented some office space in the building to tenants who were in no way connected with city government and had otherwise not discharged the obligations imposed by the deed with respect to the city hall provision. A 1938 modification of the condition subsequent was involved in the earlier litigation but was held not to be controlling. Id. at 279.[3]

The court held, in the first *Carey* case, that the City, by its actions, had not forfeited the land. The City did not ask, as it has done in the present action, that the condition subsequent be declared extinguished and that the Careys be declared to have no right, title or interest therein. However, in deciding the issue before it, this court made several relevant observations. We said:

(1) " 'Conditions subsequent, having the effect in case of a breach to defeat estates already vested, are not favored in

July 26, 1938 that the site of the proposed new City and County building *might* be located upon Block 32 aforesaid. Accordingly the original conditions imposed in said warranty deed were enlarged to meet the contingency *if* it happened. Plaintiffs' pleading establishes that the contingency never occurred. The authorities of the County of Natrona and those of the City as well in the exercise of their discretionary judgment deemed that another site should be chosen to meet the needs of both Natrona County and the City of Casper. That being so, the reason for the increased and enlarged conditions in said agreement having failed, we see no basis for the City's being bound by them. *In other words the conditions set out in the warranty deed alone are the only controlling obligations to be now considered.* [These italics are ours] It is to be observed also that the City paid the considerations recited in that agreement to the grantor in the deed aforesaid. Such considerations were obviously paid in order to obtain for the City a permit to erect a new City and County building 'or a court house and jail building' on said Block 32. This permit, as matters eventuated, was never of any avail or use or capable of being invoked by the City. It is difficult to see why the City should be fettered by enlarged conditions which were only drafted to meet a supposed exigency which has never materialized and upon which only they were to operate."

law, and hence always receive a strict construction.'" Quoting from *Hunt v. Beeson*, 1862, 18 Ind. 380. Id. at 273.

(2) Conditions subsequent are construed whenever possible in a manner which will prevent a forfeiture. Id. at 268.

(3) Since the condition subsequent does not state for how long the building must be used for City Hall purposes, only a reasonable time can be inferred for such use. Id. at 270. See, also, p. 279.

(4) The condition subsequent with respect to the building had not been breached. Id. at 279.

One of the reasons the court was able to come to the conclusion that it did was because it decided that the maintenance of the park would prevent the forfeiture even though the City Hall requirement was not being complied with. 213 P.2d at 280.[4]

After this decision, in 1951 the City Hall building was found to be structurally unsound and was demolished. Another municipal building for the use of the City's board of public utilities was erected in 1958–1959 on the southwest corner of the block and the remainder of the property continues to be dedicated to park purposes.

Although both sides in the present dispute have relied upon the first *Carey* case as their primary authority, we do not find that decision or the parties' separate interpretations as to its holding to be altogether controlling in the current action. While the earlier case holds that, by the passage of time, the condition subsequent had expired with respect to the requirement of maintaining a City Hall on the property, id. at 279[5], we did not, in that decision, confront the issue of whether the passage of time had extinguished the condition subsequent concerning the deed's requirement that a park be maintained. In that regard, we said, through the concurrence of Justice Kimball, in which Chief Justice Riner concurred, that even if it were to be conceded that the City had "disposed of" (see fn. 2) the property for other than the maintenance of a City Hall, "there is authority for holding that the continued maintenance of a park on the property prevents a forfeiture (citations)."

The issue here for decision, therefore, asks whether the City of Casper has complied with the condition subsequent pertaining to the use of the property as a park for a reasonable period of time. In other words, may we now say, after more than sixty years, that the provision in the deed which conditions the use of the property for park purposes has been satisfied by a passage of time, as we were able to do in 1950 with respect to the old City Hall Building where we held that the purpose of the

---

4. This reasoning is found in the concurrence of Justice Kimball. However, we consider Justice Kimball's concurrence just as authoritative as Chief Justice Riner's lead opinion. At that time, the court had three justices. Chief Justice Riner wrote the lead opinion, in which Justice Kimball concurred. Justice Kimball wrote a concurrence in which Chief Justice Riner concurred.

5. In the first *Carey* case, we said:

". . . We think that under the authorities we have at considerable length considered herein, the lapse of more than two decades before any suit for forfeiture of the City's estate in Block 32 was instituted is sufficient to be regarded as a compliance with the condition subsequent invoked here and in that instrument appearing . . . We are not inclined to think that it was the purpose of that deed, so far as we can glean from a study of its language, to bind the City of Casper in its municipal activities, despite its growth and its changing needs due to increase in population, solely to this particular Block of land under penalty of losing title to that block and the building thereon situate if a change of site was deemed necessary to meet subsequent city needs as viewed by a later city administration. Note has above been made of the fact that the City has doubled its population since the warranty deed aforesaid was executed and delivered. As time elapses it may very well be that the quarters the City now occupies in the new City and County building will become altogether inadequate and more room for city functions and offices will be needed. It is common knowledge that our state and many of our cities have outgrown the public buildings erected for them in years gone by. Because the City Hall is not at this time entirely used for all municipal purposes is no reason, under the authorities we have above reviewed, upon which to base a forfeiture under said deed. . . ." 213 P.2d at 279.

condition subsequent relating to that building had been achieved? In order to answer the question, we must ask ourselves whether or not the purpose of the condition pertaining to the public park has also been satisfied.

The most recent case we have been able to find involving a claim that a condition subsequent has been extinguished by its observance over a period of time is *Independent Congregational Society v. Davenport*, Me., 381 A.2d 1137 (1978). The Supreme Court of Maine stated:

> "When a fee on condition subsequent is created by a deed or will stating no time during which the condition must remain satisfied, the rule has become established in other jurisdictions that a reasonable time should be implied. E. g., *Board of Com'rs of Oklahoma County v. Russell*, 174 F.2d 778 (10th Cir. 1949); *J. M. Carey & Brother v. City of Casper*, 66 Wyo. 437, 213 P.2d 263 (1950); *Hasman v. Elk Grove Union High School*, 76 Cal.App. 629, 245 P. 464 (1926); *Sheets v. Vandalia R. Co.*, 74 Ind.App. 597, 127 N.E. 609 (1920). See 1 American Law of Property § 2.8 (A. J. Casner ed. 1952); 4 G. Thompson, Real Property, § 1890 (1961). Such decisions are sometimes referred to as applying a doctrine of substantial performance, but they are better understood as manifesting the traditional preference for a construction of uncertain language that avoids forfeiture instead of one that brings it about. *Application of the rule prevents senseless forfeiture long after the purpose of the condition has been achieved.* The rule is also in accord with the traditional bias in favor of grantees in the construction of deeds: in the absence of controlling factors to the contrary, doubtful language in a conveyance is to be treated as transferring the larger or less restricted estate rather than the smaller or more restricted. *C. Company v. City of Westbrook*, Me., 269 A.2d 307 (1970)." [Emphasis supplied] 381 A.2d at 1139–1140.

In the Maine case, the condition subsequent—that the property be used for church purposes—had been complied with for a century-and-a-half. In reaching the conclusion that the passage of time had satisfied the condition, the court pointed out that the dwindling size of the congregation had made the continued use of the property in accord with the grantor's condition impractical.

In 1949, the Tenth Circuit Court decided *Board of Commissioners of Oklahoma County v. Russell*, 174 F.2d 778, certiorari denied 338 U.S. 820, 70 S.Ct. 64, 94 L.Ed. 498, in which it was held that 27 years of compliance with a condition subsequent fully satisfied it. That case was discussed by Chief Justice Riner in this court's earlier opinion in the first *Carey* case. In the Oklahoma case, the condition subsequent was to the effect that the county erect and maintain a courthouse and jail and plant and maintain shade trees to ornament the building. The court noted that the deed did not state for how long the limitation would have to be observed and held that 27 years—after which the county had need for larger facilities—sufficed.

■ We read the Maine and Tenth Circuit Court cases as holding that, with respect to conditions where no time limit is set by the grantor, the facts of any given case will be tested against a standard which asks whether such a period of time has passed as will satisfy *the purpose of the condition subsequent* in the context that the property is no longer suitable for the use contemplated by the condition. Where the property is found to no longer be reasonably suitable for such purpose, then the court can say that the condition has been satisfied by the passage of time. See, also, *Mead v. Ballard*, 7 Wall. 290, 74 U.S. 290, 19 L.Ed. 190 (1869).

■ In the matter here under consideration, the City has not contended that the land is no longer suited for public park use, and we certainly cannot say, based upon any facts revealed by the record, that the passage of time has extinguished the condition. Public parks in the center of cities are desirable and essential. It is hard to conceive of a time span which would satisfy

a condition subsequent dedicating land for public park purposes in the center of a thriving, active and growing city. We are brought, then, to this following conclusion: The condition subsequent contained in the deed is that the lot in question will be used for the erection and maintenance of a City Hall *and* for the maintenance of a public park. The passage of time has not satisfied this condition and, the need for public parks being what it is, it seems doubtful that this condition could ever be satisfied by time's passage.

As adverted to earlier, the parties attempted a modification of the condition subsequent in 1938. However, in the earlier case this court said:

> " . . . [T]he conditions set out in the warranty deed alone are the only controlling obligations to be now considered. . . ." 213 P.2d at 279. See fn. 3.

The trial court, in the current case, said in its Judgment and Decree:

> "IT IS FURTHER ADJUDGED AND DECREED that the Defendants have a right of reentry on condition broken in subject property as set forth and described in the Warranty Deed from J. M. Carey & Brother to the City of Casper, Wyoming dated June 27, 1918 *as modified by the Agreement of the parties of July 26, 1938*, which has not been extinguished by the passage of time; " [Emphasis supplied]

 The parties have not complained of this discrepancy between this court's earlier decision and the trial judge's decree, but, since the agreement of July 26, 1938 was not relied on by this court in the first *Carey* case, fn. 3, supra, it will, nevertheless, be necessary to modify the trial court's judgment in this respect. Accordingly, the trial court will modify its judgment so that the third paragraph thereof shall read as follows:

> IT IS FURTHER ADJUDGED AND DECREED that the defendants have a right of reentry on condition broken in subject property as set forth and described in the Warranty Deed from J. M.

Carey & Brother to the City of Casper, Wyoming dated June 27, 1918, except that the condition pertaining to the maintenance of a city hall on the property has been satisfied by the passage of time. The condition requiring maintenance of a public park on the property has not been so extinguished.

Affirmed and remanded for modification of the judgment as herein directed.