**John MILDRAM, et al.**

v.

**TOWN OF WELLS.**

Supreme Judicial Court of Maine.

Argued March 17, 1992.

Decided July 24, 1992.

J. Armand Gendron (orally), Sanford, Edmund R. Pitts (orally), Pitts & Pitts, Boston, Mass., for plaintiffs.

Durward W. Parkinson (orally), Bernstein, Shur, Sawyer & Nelson, Kennebunk, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Plaintiffs, heirs of Georgia Mildram, appeal from a Superior Court judgment (York County, *Lipez, J.*) declaring defendant Town of Wells owner in fee simple absolute of property located on Route 1 in Wells. Plaintiffs maintain that the Superior Court should have found the property had reverted to them due to defendant's breach of a condition in the 1905 deed from Georgia Mildram to the Town. We agree with the Superior Court that the condition in the deed has been fulfilled, and affirm the judgment.

The following facts and findings are relevant to this appeal. By deed dated August 10, 1905, Georgia Mildram conveyed a lot of land on Route 1 to the Town of Wells. The deed contained the following condition subsequent:

Said lot of land is given and granted for a Town House lot and is to revert to me, or my heirs, if it should not be improved

or maintained for such purpose. Provided also:— Town House erected and maintained thereon shall be not less than two stories, of such style, architecture and finish as shall be proper, suitable, becoming and appropriate to said location and locality and said Town.

In 1906, the Town built a town hall on the property, which was rebuilt in 1912 and again in 1969 after being destroyed. During the years 1906–1988, the Mildram heirs participated in the decisions to renovate and upgrade the building at various times. In 1988, faced with increased traffic and shortage of space, the Town built a new municipal building on Route 109. The new building houses the Town Manager, Town Clerk, Tax Assessor and Codes Enforcement Officer. The original building is still used for certain municipal purposes, such as Board of Personnel meetings, Budget Board meetings, and the police and fire departments. It is not the center of municipal government, however, and plaintiffs brought suit in Superior Court claiming ownership in the property by virtue of a breach of the condition.

■ In *Independent Congregational Society v. Davenport*, 381 A.2d 1137 (Me. 1978), we adopted the rule that when a fee on condition subsequent is created by a deed or will stating no time during which the condition must remain satisfied, a reasonable time will be implied.[1] The condition in *Davenport* required that a church be erected in one year, and if the premises should "cease to be used occupied and improved by said Society as a place of the public religious meetings of said Society [the] deed [was] to be void, and the said premises [were] to revert to" the grantor or his heirs. *Id.* at 1138. In construing the above language, we stated that it did not reflect the grantor's purpose "to require the church in perpetuity to observe the second condition regardless of all changes that might ever occur in the city of Bangor or in the church congregation itself," and that as a matter of law, 150 years was a reasonable time of compliance. *Id.* at 1140.

■ The Mildram deed also contains no reference to duration, other than the word "heirs." Thus the Superior Court properly considered all the circumstances, including the purpose the condition was intended to achieve, to determine whether a reasonable time had passed satisfying the condition in the deed. *See id.* As in *Davenport*, nothing in the language of the condition suggests that Georgia Mildram's purpose was to require the perpetual maintenance of the property as a "Town House" regardless of all the changes that might occur in the town of Wells. The record supports the Superior Court's factual finding that construction of a new town hall on the Mildram property would have been impractical due to the increased population and resulting traffic. Additionally, the continued use of the Mildram property for municipal purposes constitutes sufficient observance of the condition in light of these changing circumstances. It was not error for the Superior Court to conclude that eighty-two years is a reasonable length of time on the facts of this case. The condition has been fulfilled, and the Town owns the property in fee simple absolute.

The entry is:

Judgment affirmed.

All concurring.

---

1. *Cf.* 33 M.R.S.A. § 103, providing that conditions in deeds to private parties shall be deemed fulfilled after 30 years from date of creation. This section does not apply to grants to the state or its political subdivisions.